Filed 5/18/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MONICA SCIARRATTA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as trustee, etc., et al.,<br><br>    Defendants and Respondents. | D069439<br><br><br><br>(Super. Ct. No. RIC1301485) |

APPEAL from a judgment of the Superior Court of Riverside County, John Vineyard, Judge.  Reversed and remanded.

Stephen F. Lopez Esq. and Stephen F. Lopez for Plaintiff and Appellant.

Keesal, Young & Logan, David D. Piper, Michael T. West and Joshua B. Norton for Defendants and Respondents.

This is an action for wrongful foreclosure.  The homeowner, Monica Sciarratta, alleges that as a result of a void assignment of her promissory note and deed of trust, the entity that conducted a nonjudicial foreclosure sale on her home had no interest in either the underlying debt or the subject property.  In *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*), the California Supreme Court held that in a case such

as this—where a homeowner alleges a nonjudicial foreclosure sale was wrongful because of a void assignment—the homeowner has standing to sue for wrongful foreclosure. (*Id.* at pp. 942–943.) However, *Yvanova* did not address "any of the substantive elements of the wrongful foreclosure tort" (*id.* at p. 924), and in particular did not address "prejudice . . . as an element of wrongful foreclosure." (*Id.* at p. 929, fn. 4.)

This case presents the question of "prejudice" left open in *Yvanova*: Where a homeowner alleges foreclosure by one with no right to do so, do such allegations alone establish the requisite prejudice or harm necessary to state a cause of action for wrongful foreclosure? Or instead, to adequately plead prejudice, does the plaintiff-homeowner have to allege the wrongful foreclosure interfered with his or her ability to pay on the debt, or lead to a foreclosure that would not have otherwise occurred?

Although *Yvanova* did not address this precise issue, the policy considerations that drove the standing analysis in *Yvanova* compel a similar result here. As the Supreme Court stated in *Yvanova*, it would be an "'odd result' indeed" were a court to conclude a homeowner had no recourse where anyone, even a stranger to the debt, had declared a default and ordered a trustee's sale. (*Yvanova, supra,* 62 Cal.4th at p. 938.)

Accordingly, we conclude that a homeowner who has been foreclosed on by one with no right to do so—by those facts alone—sustains prejudice or harm sufficient to constitute a cause of action for wrongful foreclosure. When a non-debtholder forecloses, a homeowner is harmed by losing her home to an entity with no legal right to take it.

2

Therefore under those circumstances, the void assignment is the proximate cause of actual injury and all that is required to be alleged to satisfy the element of prejudice or harm in a wrongful foreclosure cause of action.

The opposite rule, urged by defendants in this case, would allow an entity to foreclose with impunity on homes that were worth less than the amount of the debt, even if there were no legal justification whatsoever for the foreclosure. The potential consequences of wrongfully evicting homeowners are too severe to allow such a result. (See *Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 410 (*Miles*).)

On the issue of standing, the Supreme Court stated, "'Banks are neither private attorneys general nor bounty hunters, armed with a roving commission to seek out defaulting homeowners and take away their homes in satisfaction of some other bank's deed of trust.'" (*Yvanova, supra,* 62 Cal.4th at p. 938.) *Yvanova's* holding on standing would be undermined unless the same considerations applied in determining what prejudice must be alleged to constitute a wrongful foreclosure cause of action. (*Ibid*.) Therefore, we reverse the judgment of dismissal entered after the trial court erroneously sustained a demurrer to Sciarratta's first amended complaint without leave to amend, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In reciting the facts on review of a demurrer, "'we accept as true the well-pleaded facts in [Sciarratta's first amended] complaint.'" (*Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP* (2014) 59 Cal.4th 568, 571.) "We may also consider

3

matters that have been judicially noticed." (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

Because the facts in this case are convoluted, it is helpful to know before one starts where one will end. As explained in detail *post*, Deutsche Bank was the owner of Sciarratta's loan and beneficiary of the deed of trust according to the public record at the time of this foreclosure. But Deutsche Bank did not foreclose. Bank of America did.[1]

A. *Washington Mutual Loan and Deed of Trust*

In June 2005 Sciarratta obtained a $620,000 loan secured by real property in Riverside County, California (the property). She executed a promissory note secured by a deed of trust identifying the lender as Washington Mutual Bank, F.A. (WaMu) and the trustee as California Reconveyance Company (CRC).[2] In January 2008 WaMu substituted Quality Loan Service Corporation as successor trustee.

B. *The Assignment to Deutsche Bank*

On April 24, 2009, JPMorgan Chase Bank, N.A. (Chase), as successor in interest to WaMu, assigned the Sciarratta deed of trust and promissory notes to Deutsche Bank

---

[1]    The rules of court require litigants to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "We may decline to consider passages of a brief that do not comply with this rule." (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60.) The statement of facts in Sciarratta's opening brief contains no record citations. Therefore, we base our understanding of the parties' dispute on the portions of the record cited by defendants' brief.

[2]    Apparently as part of the same transaction, Sciarratta also borrowed an additional $77,500, which was secured by a second deed of trust naming WaMu as beneficiary.

4

National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2006-6 (Deutsche Bank).  This assignment was recorded on April 27, 2009, as document No. 2009-0205476.3  Chase, acting on behalf of Deutsche Bank, also substituted CRC as trustee.

C.  *Sciarratta's Default and Notice of Sale*

By April 24, 2009, Sciarratta's loan was $15,362.99 in arrears.  On April 27, 2009, CRC recorded a "Notice of Default and Election to Sell Under Deed of Trust" (Notice of Default).  The Notice of Default stated in part:  "To find out the amount you must pay, or to arrange for payment to stop the foreclosure . . . contact: JPMorgan Chase Bank . . . at [address], [telephone number]."

In July 2009 CRC recorded a "Notice of Trustee's Sale," stating the property would be sold at auction on August 18, 2009 and that the estimated unpaid balance and other charges was $729,234.93.

D.  *Purported Assignment to Bank of America*

On November 9, 2009, Chase, as successor in interest to WaMu, recorded a document entitled "Assignment of Deed of Trust," purporting to assign the Sciarratta deed of trust and promissory notes to Bank of America, National Association, as

---

3     This date and document number become relevant in December 2009 when Chase recorded a "[c]orrective [a]ssignment," purporting to retroactively correct document number 2009-0205476 to reflect an assignment of Sciarratta's loan to Bank of America rather than to Deutsche Bank.

successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR19 (Bank of America).[4]

E.  *Trustee's Sale to Bank of America*

On the same day, November 9, 2009, CRC recorded a "Trustee's Deed upon Sale" on behalf of Bank of America as "the foreclosing beneficiary" of the deed of trust.  Bank of America acquired the property in exchange for a credit bid.

F.  "*Corrective*" *Assignment to Bank of America*

On December 28, 2009, Chase, as successor in interest to WaMu, recorded a document entitled "Assignment of Deed of Trust" which states:  "This assignment is being recorded to correct the assignee reflected on the assignment recorded April 27, 2009 as instrument No. 2009-0205476.  [¶]  For value received, the undersigned hereby grants, assigns, and transfers to Bank of America  . . . all beneficial interest under that certain Deed of Trust dated 06/17/2005, executed by Monica Sciarratta . . . ."

G.  *Sciarratta's District Court Action*

On November 2, 2009—the day before the scheduled trustee's sale—Sciarratta filed a 16-count complaint against Chase, Deutsche Bank, and CRC in United States District Court.  The complaint states in part, "This is an action to quiet title against parties who have wrongfully foreclosed upon residential real property of the Plaintiff, but who in reality have no standing whatsoever to exercise any rights under the subject deed of trust that encumbers Plaintiff's realty."

---

[4]     Sciarratta alleges this purported assignment was void because Chase had previously assigned the trust deed and promissory notes to Deutsche Bank.

The record provided by the parties does not inform us about any other aspects of this litigation except that in May 2012 the district court entered a judgment of dismissal with prejudice in favor of the defendants.

H. *Sciarratta's State Court Action*

In February 2013 Sciarratta filed a state court complaint for (1) wrongful foreclosure, (2) quiet title, and (3) cancellation of instruments against U.S. Bank National Association as trustee successor in interest to Bank of America, Deutsche Bank, and CRC (collectively, Defendants).

Sciarratta's complaint alleges the foreclosure "is wrongful in that the trustee that held the sale was not the proper trustee at the time of the sale and therefore the sale of the Subject Property is void as a matter of law . . . or in the alternative the party that held the sale and acquired the Subject Property by way of a supposed credit bid was not the holder of the Subject Note and was not the beneficiary of the Subject Deed of Trust and could not have submitted a credit bid." Sciarratta's original complaint did not allege particularized prejudice from the fact that Bank of America rather than Deutsche Bank foreclosed.

Defendants demurred to the complaint on the grounds (1) the action was barred by the res judicata effect of the district court judgment of dismissal in Sciarratta's previous action, and (2) Sciarratta had not alleged the essential element of prejudice. The court overruled this demurrer.

7

After certain defaults were set aside that are not relevant to any issues in this appeal, Defendants answered the complaint, and later Sciarratta dismissed Deutsche Bank without prejudice.

I. *Motion for Judgment on the Pleadings*

In May 2014 Defendants filed a motion for judgment on the pleadings, primarily asserting that Sciarratta's wrongful foreclosure claim fails as a matter of law because she did not and cannot allege prejudice. Defendants asserted, "Plaintiff alleges that the foreclosure sale was invalid because CRC foreclosed on behalf of Bank of America instead of Deutsche Bank, who Plaintiff argues was the correct beneficiary. Prejudice is an essential element of a wrongful foreclosure claim . . . ."

Sciarratta opposed the motion for judgment on the pleadings on both procedural and substantive grounds. Procedurally, she argued the motion was barred by Code of Civil Procedure section 438, subdivision (g)(1), which provides that a motion for judgment on the pleadings may be made after a demurrer has previously been overruled, "provided that there has been a material change in applicable case law or statute since the ruling on the demurrer." Sciarratta asserted there had been no such material change in law, and therefore the judgment on the pleadings was improper because the court had previously overruled a demurrer brought on the same grounds. Substantively, Sciarratta

8

argued prejudice is not an element of wrongful foreclosure where, as she had alleged, the foreclosure sale is void.[5]

The court granted the motion for judgment on the pleadings, with leave to amend, on the grounds that "[p]laintiff must adequately allege the element of 'prejudice.'"

J. *First Amended Complaint*

In August 2014 Sciarratta filed a first amended complaint for (1) wrongful foreclosure, (2) quiet title, and (3) cancellation of instruments. In addition to facts alleged in the original complaint, Sciarratta attempted to allege prejudice; i.e., that she had suffered damages from the wrongful foreclosure, stating:

> "Plaintiff need not allege prejudice in this case . . . because the claims made by Plaintiff . . . show that the parties that held the sale, [Bank of America] and CRC had no right to do so. Regardless, as a result of the foreclosure sale of the Subject Property by [Bank of America] and CRC, Plaintiff has suffered prejudice. . . . Plaintiff has been prejudiced by the sale of the Subject Property by [Bank of America], an entity that has no right to hold a sale, because she was deprived of any right to prevent foreclosure, in that [Bank of America] has no reason to work with Plaintiff as mandated by California law before holding a foreclosure sale and no interest in providing Plaintiff with information mandated by [the California Homeowners Bill of Rights] before a foreclosure. As a result, Plaintiff has been deprived of her substantial rights related to the prevention of a foreclosure to her prejudice."[6]

---

[5]     On appeal, Sciarratta again argues the motion for judgment on the pleadings was barred by Code of Civil Procedure section 438, subdivision (g)(1). However, because we reverse on the merits, it is unnecessary to consider this contention.

[6]     By amending her complaint to allege prejudice after the court sustained the motion for judgment on the pleadings with leave to amend, Sciarratta in effect conceded the complaint was inadequate and she waived any error in the trial court's determination that prejudice beyond the fact of foreclosure itself is an essential element of her wrongful foreclosure cause of action. (See *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962,

K. *Demurrer to the First Amended Complaint*

Defendants demurred to the first amended complaint on the grounds, among others, that Sciarratta had failed to adequately allege the essential element of prejudice. Unlike their demurrer to Sciarratta's original complaint, in this demurrer defendants did not argue the action was barred by res judicata.[7]

At the hearing, Sciarratta's counsel stated, "The facts are very clear and very simple. Deutsche Bank was the owner of this loan according to the public record at the time of this sale. And Deutsche Bank did not hold this sale. There was no dispute about that. Bank of America did." Citing *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), Sciarratta's lawyer stated, "Prejudice is not an element in this particular

---

966, fn. 2; *Sheehy v. Roman Catholic Archbishop of San Francisco* (1942) 49 Cal.App.2d 537, 540-541 ["When he amended his complaint after the general demurrer was sustained he in effect admitted that the demurrer was good and that his complaint was insufficient to state a cause of action."]; *Leibert v. Transworld Systems, Inc.* (1995) 32 Cal.App.4th 1693, 1698-1699, abrogated on other grounds by *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, as stated in *Vasquez v. Franklin Management Real Estate Fund, Inc.* (2013) 222 Cal.App.4th 819, 832-833.)

However, defendants did not raise this waiver issue in their respondent's brief, and after considering the parties' supplemental briefs on this issue, we conclude defendants have forfeited the waiver issue by failing to assert it and no good cause to relieve defendants of that forfeiture has been shown. (See *American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453.)

7    Despite not raising res judicata in their demurrer to Sciarratta's first amended complaint, on appeal defendants contend we should affirm on res judicata grounds. However, because the district court judgment became final before defendants demurred to Sciarratta's first amended complaint, we will not consider the res judicata issue for the first time on appeal. (See *First N.B.S. Corp. v. Gabrielsen* (1986) 179 Cal.App.3d 1189, 1195 [res judicata effect of a prior judgment must be raised in the trial court, except when the judgment becomes final during the pendency of an appeal in another action].)

circumstance. The reason that is the case is because we have a sale by someone, without question, [*sic*] had no right to hold a sale."

The court asked Sciarratta's attorney, "[A]re there facts that can be pled that have not been pled now that would make me reconsider the no leave to amend?" After Sciarratta's attorney stated, "I don't think there are any new facts," the court sustained the demurrer without leave to amend and subsequently entered a judgment dismissing her first amended complaint with prejudice.

DISCUSSION

I. *THE STANDARD OF REVIEW*

"On appeal from a judgment of dismissal entered after a demurrer has been sustained, this court reviews the complaint de novo to determine whether it states a cause of action. [Citation.] We assume the truth of all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Folgelstrom v. Lamps Plus, Inc.* (2011) 195 Cal.App.4th 986, 989.) "'We may also consider matters that have been judicially noticed. [Citations.]' [Citation.] '[W]hen the allegations of the complaint contradict or are inconsistent with such facts, we accept the latter and reject the former.'" (*Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 210.)

II. *A HOMEOWNER WHO HAS BEEN FORECLOSED ON BY ONE PURPORTING TO EXERCISE RIGHTS UNDER A VOID ASSIGNMENT SUFFERS SUFFICIENT PREJUDICE TO STATE A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE*

A. *Wrongful Foreclosure*

A wrongful foreclosure is a common law tort claim. It is an equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that

11

the foreclosure was improper. (See *Miles, supra,* 236 Cal.App.4th at pp. 408-409.) The elements of a wrongful foreclosure cause of action are: "'(1) [T]he trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.'" (*Id*. at p. 408.) "[M]ere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." (*Id.* at p. 409.) "[A]ll proximately caused damages may be recovered." (*Id.* at p. 410.)

"[O]nly the entity currently entitled to enforce a debt may foreclose on the mortgage or deed of trust securing that debt . . . ." (*Yvanova, supra,* 62 Cal.4th at p. 928.) "It is no mere 'procedural nicety,' from a contractual point of view, to insist that only those with authority to foreclose on a borrower be permitted to do so." (*Id.* at p. 938.)

Here, implicitly invoking these principles, Sciarratta alleges that the entity entitled to enforce the debt was Deutsche Bank, but the entity that foreclosed was Bank of America. Specifically, she alleges that in April 2009 Deutsche Bank became the owner of her promissory note and trust deed by assignment from Chase. Sciarratta alleges that the subsequent purported assignments of the note and trust deed by Chase to Bank of America in November 2009 and again in December 2009 were *void* because Chase had previously assigned the note and trust deed to Deutsche Bank. Thus, Sciarratta alleges Bank of America had no right to foreclose because it never became a beneficiary of her deed of trust.

12

Based on these allegations, which are supported by the judicially noticeable recorded documents, Sciarratta alleges the November 2009 nonjudicial foreclosure "was held by an entity [other] than the owner of the Subject Note and holder of the Subject Deed of [T]rust, [Bank of America], whom [*sic*] had no right to hold said sale or submit a credit bid thereon and as a result the sale is void and of no effect." In more colloquial terms, Sciarratta's appellate brief asserts, "There is no question that as of the date of the sale Bank of America had no right to hold a foreclosure sale of the Subject Property as the owner of the note and deed of trust was Deutsche [Bank] as of April 24, 2009."[8]

---

[8]  As an alternative and inconsistent theory of liability, Sciarratta's first amended complaint also alleges that Deutsche Bank was *not* assigned the note and deed of trust, and therefore its purported substitution of trustee (substituting CRC for Quality Loan Service) was ineffective. On this alternative theory, foreclosure is alleged to be wrongful because the trustee initiating the foreclosure, CRC, allegedly lacked authority to do so.

However, in her brief, Sciarratta has elected to not address this alternative theory in any meaningful way, limiting her discussion of this point to a single paragraph containing no citation to the record and scant analysis. Instead, she focuses on the theory, discussed in the text *ante*, that WaMu assigned her promissory note and trust deed to Deutsche Bank, but Bank of America foreclosed.

For example, Sciarratta's briefs state: (1) "The public record *leaves no doubt* that the entity that held the sale was not the holder of the note or beneficiary of the deed of trust" (italics added); (2) "This is a case where the public *record leaves no doubt* that the foreclosure sale was held by an entity that was not the holder of the note or beneficiary of the deed of trust at issue" (italics added); (3) "There is *no question* that as of the date of the sale Bank of America had no right to hold a foreclosure sale of the Subject Property as the owner of the note and deed of trust was Deutsche [Bank] as of April 24, 2009" (italics added); (4) "[T]here is *no question* that as of the date of the sale the true holder of the note was Deutsche [Bank]" (italics added); (5) "[A]t the time of the sale the holder of the note and beneficiary of the deed of trust was Deutsche [Bank]."

Similarly, in the trial court Sciarratta's lawyer stated, "The facts are very clear and very simple. Deutsche Bank was the owner of this loan according to the public record at the time of this sale. And Deutsche Bank did not hold this sale. There was no dispute about that. Bank of America did."

Given these unequivocal assertions and Sciarratta's failure to develop the inconsistent alternative theory in her brief, we do not address whether the first amended complaints states a viable cause of action on an alternative theory that the "wrong" trustee

13

B. *Sciarratta Alleges a Void Assignment*

"A void contract is without legal effect." (*Yvanova, supra,* 62 Cal.4th at p. 929.) "A voidable transaction, in contrast, 'is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance.'" (*Id.* at p. 930.)

*Yvanova* holds that a borrower has legal authority—standing—"to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." (*Yvanova, supra,* 62 Cal.4th at pp. 942-943.)

Here, Sciarratta's first amended complaint alleges that in November 2009, when Chase purported to assign Sciarratta's promissory note and deed of trust to Bank of America, Chase had nothing to assign, having previously (in April 2009) assigned the promissory notes and deed of trust to Deutsche Bank. The documents properly subject to judicial notice are consistent with these allegations. On April 27, 2009, Chase executed a document entitled "Assignment of Deed of Trust" where it "hereby grants assigns and transfers to Deutsche Bank . . . all beneficial interest under that certain Deed of Trust . . . executed by Monica Sciarratta . . . [¶] [t]ogether with the note or notes therein described . . . ." Approximately six months later, on November 3, 2009, Chase purported to assign the same trust deed and promissory notes to Bank of America.

---

initiated foreclosure. (See *Sehulster Tunnels/Pre-Con v. Traylor Brothers, Inc./Obayashi Corp.* (2003) 111 Cal.App.4th 1328, 1345, fn. 16 [declining to address an alternative theory not developed in the party's appellate brief].)

Chase, having assigned "all beneficial interest" in Sciarratta's notes and deed of trust to Deutsche Bank in April 2009, could not assign again the same interests to Bank of America in November 2009. (See *California Bank & Trust v. Piedmont Operating Partnership* (2013) 218 Cal.App.4th 1322, 1347 [once a claim has been assigned, unless a contrary intention is shown, the assignment "'"vests in the assignee the assigned contract or chose and all rights and remedies incidental thereto"'"].)

Thus, assuming Sciarratta's allegations are true, as we must on review of the demurrer, the assignment to Bank of America is void, and not merely voidable. (*Yvanova, supra,* 62 Cal.4th at p. 935; *Glaski, supra,* 218 Cal.App.4th at p. 1097 [assignment void, not voidable, where entity invoking the power of sale was not the holder of the deed of trust]; see *Culhane v. Aurora Loan Services of Nebraska* (1st Cir. 2013) 708 F.3d 282, 291 (*Culhane*) [a mortgage assignment is void, not merely voidable, where the assignor "had nothing to assign" or "no interest to assign"]; *Wilson v. HSBC Mortgage Services, Inc.* (1st Cir. 2014) 744 F.3d 1, 9 (*Wilson*).)[9] As the Supreme Court in *Yvanova* explained: "'A homeowner . . . has standing to challenge that assignment as void because success on the merits would prove the purported assignee is not, in fact, the mortgagee and therefore lacks any right to foreclose on the mortgage." (*Yvanova, supra,* 62 Cal.4th at pp. 935-936.)

Defendants' arguments to the contrary are not persuasive. Citing *U.S. Hertz Inc. v. Niobrara Farms* (1974) 41 Cal.App.3d 68, defendants contend the recording of an assignment to Deutsche Bank "does not actually transfer an interest in property; it merely

---

9    In *Yvanova*, the Supreme Court cited *Culhane* and *Wilson* with approval. (*Yvanova, supra,* 62 Cal.4th at pp. 935, 940.)

serves as notice that a transfer has occurred." However, *U.S. Hertz* is materially distinguishable because it involves a notice of substitution of trustee, not an assignment of the deed of trust and promissory notes. It is in the context of a notice substituting a trustee that the court states "such documents . . . grant no interest in real property. Their main objective is notice . . . ." (*Id*. at p. 85.)

Defendants also contend the "[c]orrective [a]ssignment" recorded in December 2009 "demonstrated that beneficial interest had been assigned to Bank of America, not Deutsche Bank." However, defendants cite no authority suggesting that as a matter of law, the "[c]orrective [a]ssignment" recorded in December 2009 has any relevant legal effect on the nonjudicial foreclosure occurring one month *prior*, in November 2009.

Defendants also argue that the "[c]orrective [a]ssignment" shows that "[a]t most" Chase "made procedural errors on the documents regarding the identity of the beneficiary, and that Chase later corrected these errors." However, this is an appeal from a judgment of dismissal after a demurrer was sustained, where we are required to assume the truth of the facts plaintiff has alleged. Defendants cannot hijack Sciarratta's first amended complaint, delete allegations not to their liking, insert other contrary allegations such as this one about a mere "procedural error[]", and contend the resulting pleading they have cobbled together fails to state a cause of action. Sciarratta alleges that at the time of the nonjudicial foreclosure sale, Deutsche Bank was the assignee and Bank of America was not. The judicially noticeable documents do not contradict these allegations.

Defendants also contend that Sciarratta's complaint admits that Deutsche Bank was not the assignee and never held a beneficial interest in the deed of trust. However,

16

the allegation defendants highlight is not contained in Sciarratta's cause of action for wrongful foreclosure, but rather in her cause of action to quiet title. In any event, an allegation that Deutsche Bank never held a legal or equitable interest in the property is not necessarily inconsistent with an allegation that Bank of America also did not.

In sum, we hold that Sciarratta has alleged the nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party, Bank of America, purportedly took a beneficial interest in the deed of trust was void. Therefore, under *Yvanova*, Sciarratta has standing to assert such a claim.[10]

C. *Sciarratta Has Adequately Alleged Prejudice for Wrongful Foreclosure*

Sciarratta contends prejudice or harm, beyond the allegedly wrongful foreclosure itself, should not be required to be alleged in order to state a cause of action for wrongful foreclosure where, as here, it is alleged the foreclosing beneficiary's interest is void. We agree.

A homeowner experiences prejudice or harm when an entity with no interest in the debt forecloses. When a non-debtholder forecloses, a homeowner is harmed because he or she has lost her home to an entity with no legal right to take it. If not for the void assignment, the incorrect entity would not have pursued a wrongful foreclosure. Therefore, the void assignment is the cause-in-fact of the homeowner's injury and all he or she is required to allege on the element of prejudice. The critical issue is not the

---

10  Because Sciarratta alleges a void as distinguished from a voidable assignment, she is excused from having to allege tender as an element of her wrongful foreclosure cause of action. (*Yvanova, supra,* 62 Cal.4th at p. 929, fn. 4 ["Tender has been excused when . . . the plaintiff alleges the foreclosure deed is facially void, as arguably is the case when the entity that initiated the sale lacked authority to do so."].)

17

plaintiff's ability to pay, but rather whether the defendant's conduct resulted in the plaintiff's harm; i.e., a foreclosure that was wrongful because it was initiated by a person or entity having no legal right to do so; i.e. holding void title. As the Supreme Court stated in *Yvanova*, "the bank or other entity that ordered the foreclosure would not have done so absent the allegedly void assignment. Thus, '[t]he identified harm—the foreclosure—can be traced directly to [the foreclosing entity's] exercise of the authority purportedly delegated by the assignment.'" (*Yvanova, supra,* 62 Cal.4th at p. 937.)

There are also strong policy reasons favoring this approach. A contrary rule would lead to a legally untenable situation—i.e., that anyone can foreclose on a homeowner because someone has the right to foreclose. "And since lenders can avoid the court system entirely through nonjudicial foreclosures, there would be no court oversight whatsoever." (*Miles, supra,* 236 Cal.App.4th at p. 410.) Moreover, giving homeowners—who have the most at stake and the most to lose—the ability to challenge improper loan assignments as being absolutely void will provide a proper incentive to lending institutions to employ due diligence to properly document  assignments and confirm who currently holds a loan. "The consequences of wrongfully evicting someone from their home are too severe to be left unchecked." (*Ibid*.)

Cases cited by defendants that reach a contrary result did not have the benefit of the Supreme Court's decision in *Yvanova* and as a result incorrectly and exclusively focus on the plaintiff's ability to have avoided *any* foreclosure. For example, in *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256 (*Fontenot*) disapproved on other grounds (standing) in *Yvanova, supra,* 62 Cal.4th at page 939, footnote 13, the court found that plaintiff had failed to demonstrate prejudice resulting from an allegedly

18

improper transfer of her debt because the plaintiff conceded she was in default, did not allege the transfer interfered with her ability to pay her debt, and did not allege the original lender would have refrained from foreclosure. (*Fontenot, supra,* at p. 272.)

Similarly, in *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495 (*Herrera*), disapproved on other grounds (standing) in *Yvanova, supra,* 62 Cal.4th at page 939, footnote 13, the court found that the plaintiffs could not demonstrate prejudice where they had defaulted on their loan and could not cure the default. (*Herrera, supra,* 205 Cal.App.4th at p. 1508.)

Thus, *Fontenot* and *Herrera* interpret prejudice narrowly to mean the plaintiff must demonstrate that she could have avoided foreclosure. These cases are inconsistent with the policies underlying the standing rule in *Yvanova*: "The borrower owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security." (*Yvanova, supra,* 62 Cal.4th at p. 938.) *Fontenot* and *Herrera* also ignore the fact that the wrongful nature of the foreclosure alleged here would require the sale to be unwound, at least where there are no intervening third-parties. (See *Miles, supra,* 236 Cal.App.4th at p. 408 ["The basic elements of a tort cause of action for wrongful foreclosure track the elements of an equitable cause of action to set aside a foreclosure sale."]) In her wrongful foreclosure cause of action, Sciarratta seeks such a remedy, alleging an entitlement not only to money damages, but also "a declaration that the sale of the Subject Property by . . . [Bank of America] . . . was a void act of no legal effect."

*Fontenot* and *Herrera* also fail to recognize that the measure of damages for wrongful foreclosure is the familiar measure of tort damages: all proximately caused

19

damages. "Wrongfully foreclosing on someone's home is likely to cause other sorts of damages, such as moving expenses, lost rental income . . . and damage to credit. It may also result in emotional distress . . . ." (*Miles, supra*, 236 Cal.App.4th at p. 409.) We are not suggesting that any of these damages will be actually recoverable here. It may be that Sciarratta has no such damages. It may be that any such damages are entirely offset by the benefit of being free from a loan with unfavorable terms, the benefits of apparently living rent-free during this litigation, or some other reason(s).[11] These issues are not before us and we express no opinion one way or the other. However, Sciarratta has alleged she sustained compensatory damages in excess of $25,000 as a result of the wrongful foreclosure. For purposes of overcoming a demurrer in this case on the issue of prejudice, that allegation is sufficient. Therefore, the court erred in sustaining the demurrer to Sciarratta's first cause of action for wrongful foreclosure.

### III. *QUIET TITLE AND CANCELLATION OF INSTRUMENTS*

The trial court sustained defendants' demurrer to Sciarratta's cause of action for quiet title on the grounds that "payment of the debt owed (tender) is a necessary element for a quiet title cause of action." The court sustained the demurrer to Sciarratta's cause of action for cancellation of instruments on the grounds that action "is dependent on the [first] and [second] causes of action."

The court erred in sustaining the demurrer to Sciarratta's causes of action for quiet title and cancellation of instruments. Because Sciarratta properly alleged the foreclosure was void and not merely voidable, tender was not required to state a cause of action for

---

11    In response to a question at oral argument, Sciarratta's lawyer stated Sciarratta still resides in the home.

20

quiet title or for cancellation of instruments. (*Glaski, supra*, 218 Cal.App.4th at p. 1100 [homeowner not required to allege tender in causes of action for wrongful foreclosure, cancellation of instruments, and quiet title where the foreclosure sale is void rather than voidable].)

In her opening brief, Sciarratta addresses the issues in this case only as they relate to her cause of action for wrongful foreclosure, not quiet title or cancellation of instruments. There is no separate heading in her brief asserting the court erred in sustaining the demurrer to her causes of action for quiet title or cancellation of instruments.

Ordinarily, therefore, any contentions regarding the correctness of the trial court's ruling sustaining the demurrer to these two other causes of action would be abandoned. (*Ram v. OneWest Bank FSB* (2015) 234 Cal.App.4th 1, p. 21, fn. 2 [where demurrer sustained without leave to amend, appellant's failure to raise arguments in connection with one of several causes of action is deemed abandonment of that cause of action].)

However, in addressing the tender issue in the context of wrongful foreclosure, Sciarratta argued tender is not required because Bank of America's purported assignment is void and not merely voidable. In her opening brief, Sciarratta cited, among other authorities, *Glaski, supra,* 218 Cal.App.4th at page 1100, which, as noted *ante,* also applies the rule excusing tender in void transactions to causes of action for quiet title and cancellation of instruments.

Therefore, Sciarratta addressed the determinative legal issue, and cited authority for its application to quiet title and cancellation of instruments, albeit in the context of wrongful foreclosure. As a result, Defendants were on notice that Sciarratta was arguing

21

she was excused from alleging tender, and that she was relying on *Glaski*, *supra*, 218 Cal.App.4th 1079 for that proposition.  Indeed, Defendants argued the tender issue in their respondents' brief.

Because the issue of tender was fully examined by both Sciarratta and Defendants, there is no sound reason to apply the ordinary rule of forfeiture for Sciarratta's failure to separately address the trial court's rulings on these two causes of action.  Accordingly, the judgment of dismissal of those two causes of action must also be reversed.

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings. Monica Sciarratta shall recover her costs on appeal.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.

22