Filed 10/29/20  Taasan v. CitiMortgage, Inc. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| MARLON TAASAN et al.,<br><br>         Plaintiffs and Appellants,<br>v.<br><br>CITIMORTGAGE, INC.,<br><br>         Defendant and Respondent. | A156973<br><br>(Solano County<br>Super. Ct. No. FCS050686) |

After their home was sold at a trustee's sale, Marlon and Febes Taasan sued CitiMortgage, Inc., alleging several causes of action including wrongful foreclosure.  Judgment was entered for CitiMortgage after the trial court sustained CitiMortgage's demurrer to the Taasans' First Amended Complaint (FAC) without leave to amend.  On appeal the Taasans argue that the trial court erred in dismissing their cause of action for wrongful foreclosure and in failing to grant them leave to amend that claim.  We conclude that the Taasans fail to show error, and we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *Allegations in the FAC*

In February 2004, the Taasans obtained a loan of $252,000 from ABN AMRO to buy a home in Fairfield, California (the property).  The loan was evidenced by a promissory note secured by a deed of trust on the property.  As

1

the lender, ABN AMRO was identified as the beneficiary of the deed of trust. First American Title Insurance Company was identified as the trustee.

ABN AMRO was merged into CitiMortgage, which subsequently held itself out as the lender. At some point before June 4, 2014, the Taasans' loan was sold to Federal Home Loan Mortgage Corporation (Freddie Mac), though apparently no assignment was recorded. On separate occasions in June, August and November of 2014, CitiMortgage identified itself to the Taasans as "the servicer" of the mortgage that was owned by Freddie Mac. Among other things, CitiMortgage informed the Taasans that it had the right to collect payments on the loan. CitiMortgage also informed the Taasans, "As Servicer, we have the authority to act on the Owner's behalf regarding the administration of your loan. We are responsible for collecting payments, answering questions about your account, and providing assistance if you have difficulty making your payments."

A key transaction in the Taasans' chronology occurred in September 2014, when CitiMortgage executed and recorded a substitution of trustee appointing Quality Loan Service Corporation (Quality) as the successor trustee of the DOT. The substitution of trustee stated that CitiMortgage, identified as "successor by merger to ABN AMRO," was the "the present Beneficiary" under the DOT. The Taasans allege that at that time neither ABN AMRO nor CitiMortgage was the beneficiary under the DOT, which had been assigned to Freddie Mac, and that therefore neither "had any power to authorize a substitution of trustee at that time." The Taasans contend that because the substitution of trustee was signed by CitiMortgage, which had no beneficial interest in the note, it was void (and not merely voidable) and thus Quality had no legal power to initiate and complete non-judicial foreclosure proceedings.

2

Quality issued and recorded a notice of default in October 2014 and a notice of trustee's sale in February 2015.  The Taasans admit owing money on the loan, but deny that they owed money to CitiMortgage, "who only acted as the servicer although purporting to be the actual lender / beneficiary."  The property was sold at a trustee's sale on April 22, 2015 for $199,000, which the Taasans allege was below market value.  The next month, Quality issued and recorded a trustee's deed upon sale, which stated that the amount of unpaid debt together with costs was $271,481.  Subsequently, the Taasans received a Form 1099-A, "Acquisition or Abandonment of Secured Property," issued by "Freddie Mac c/o CitiMortgage" as "lender."  According to that document, the "date of lender's acquisition or knowledge of abandonment" was April 22, 2015, the date of the foreclosure sale.

B.     *Proceedings in the Trial Court*

On April 19, 2018, the Taasans filed a complaint alleging four causes of action against CitiMortgage.  In response to a demurrer filed by CitiMortgage, and as permitted by Code of Civil Procedure section 472, subdivision (a), the Taasans filed their FAC, alleging six causes of action: fraud/misrepresentation, cancellation of instruments, wrongful foreclosure, unfair competition, violation of Civil Code section 2924.17, and negligence. CitiMortgage again demurred, arguing that the Taasans had failed to state facts sufficient to constitute a cause of action.

The trial court issued a tentative ruling sustaining the demurrer without leave to amend.  When neither party requested a hearing, the trial court adopted the tentative ruling as its order.  Judgment was entered for CitiMortgage and the Taasans timely appealed.

3

**DISCUSSION**

The Taasans challenge the trial court's ruling only insofar as it concerns their claim for wrongful foreclosure.

A. *Applicable Law and Standard of Review*

To state a cause of action for wrongful foreclosure, a plaintiff must allege: " '(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.' " (*Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 408, quoting *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.) The Taasans do not allege tender; their theory is that they have alleged facts showing that they were excused from tender.

We determine independently whether the complaint alleges facts sufficient to state a cause of action, assuming the truth of properly pleaded or implied factual allegations in the complaint. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) We consider judicially noticed matters, and give the complaint a reasonable interpretation, reading it in context. (*Ibid.*) "We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law." (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

If we conclude that the complaint does not state a cause of action, we decide whether there is a reasonable possibility that the complaint could be amended to cure the defects. (*Schifando*, *supra*, 31 Cal.4th at p. 1081.) The issue of amendment may be raised for the first time on appeal. (Code. Civ.

4

Proc., § 472c, subd. (a).)  The plaintiff bears the burden to show what facts could be pleaded to cure the defects in the complaint if allowed the opportunity to amend, and meets that burden on appeal by enumerating the additional facts to be alleged and demonstrating how those facts establish a cause of action.  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890 (*Cantu*).)

B.     *Analysis*

The Taasans argue that their FAC adequately alleges each of the three elements of a cause of action for wrongful foreclosure.  The gravamen of their complaint is that CitiMortgage, having assigned the loan to Freddie Mac, was no longer the beneficiary of the deed of trust and thus could not have had any authority to identify itself as beneficiary in the recorded substitution of trustee.  As a result, its substitution of Quality as the successor trustee was void and not merely voidable, and Quality could not lawfully foreclose on the property (first element).

The Taasans further argue that by alleging foreclosure by an unauthorized entity they have alleged the requisite prejudice or harm to satisfy the second element.  For this argument they rely on *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 555 (*Sciarratta*), which held, "a homeowner who has been foreclosed on by one with no right to do so—by those facts alone—sustains prejudice."

Finally, the Taasans rely on *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, to argue that because the trustee's sale was predicated on a void document, it was unauthorized and void, and therefore they were excused from making tender (third element).  (*Id.* at p. 1100 ["[t]ender is not required where the foreclosure sale is void, rather than voidable, such as

5

when a plaintiff proves that the entity lacked the authority to foreclose on the property"].)

CitiMortgage points out that under the Civil Code a substitution of trustee may be executed by the authorized agent of a beneficiary: "A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents." (Civ. Code, § 2934a, subd. (d)(1).) True enough. But the Taasans allege that CitiMortgage was not an authorized agent of beneficiary Freddie Mac with respect to execution of the substitution of trustee.

CitiMortgage further asserts that the Taasans have not articulated any basis for questioning CitiMortgage's authority to execute the document, but that is not strictly correct. On the basis of correspondence they received from CitiMortgage, the Taasans allege in the FAC that CitiMortgage assigned their loan to Freddie Mac before the substitution of trustee was executed. They further allege that CitiMortgage did not act as Freddie Mac's agent in executing the substitution of trustee, based on the fact that CitiMortgage did not identify itself as an agent of Freddie Mac in the substitution of trustee, but instead identified itself as the beneficiary.

CitiMortgage also notes that the Taasans have not cited any authority that required CitiMortgage to identify itself as Freddie Mac's agent. That is beside the point. The Taasans have alleged that CitiMortgage was not acting as Freddie Mac's agent in executing the substitution of trustee; CitiMortgage claims that it was. That is a dispute of fact and cannot be resolved on the record before us. There is no dispute that CitiMortgage represented to the Taasans that it had the authority to act on Freddie Mac's behalf in certain

6

respects: indeed, the Taasans allege that CitiMortgage did in fact act on Freddie Mac's behalf as servicer of the loan. But it does not follow that CitiMortgage had the authority to execute the substitution of trustee as beneficiary of the loan.[1]

However, the Taasans' allegation that CitiMortgage lacked the authority to execute the substitution of trustee as beneficiary gets them only so far. That is because simply alleging that CitiMortgage lacked authority to execute the document is not equivalent to alleging that the substitution of trustee is necessarily void (as opposed to voidable), nor is it equivalent to alleging that the subsequent trustee's sale was unauthorized, unlawful or void. (*Burlingame v. Traeger* (1929) 101 Cal.App. 365, 369 ["an allegation that an instrument is 'illegal,' 'unauthorized' or 'void' is but a conclusion of law"].)

The Taasans admit that they owed money on the loan, and they allege that the loan was owned by Freddie Mac, and that CitiMortgage had the authority to act on Freddie Mac's behalf in certain respects. Significantly, they do not allege that Quality conducted the foreclosure sale for CitiMortgage rather than for Freddie Mac, and therefore they have not alleged that the foreclosure sale itself was unauthorized.

The Taasans argue on appeal that CitiMortgage, a mere servicer of the loan, foreclosed on the property in its own name and thus they were

___

[1] CitiMortgage refers us to an unpublished federal trial court opinion on a motion for summary judgment in which the court took judicial notice of Freddie Mac's servicing guidelines, which undisputedly provided that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. (*Ditech Financial, LLC v. Vegas Property Services, Inc.* (D.Nev. 2019) 2019 WL 1428685 at *2.) The case is irrelevant to the matter before us, a demurrer in which there has been no request for judicial notice of documents governing the relationship between Freddie Mac and CitiMortgage.

7

prejudiced by virtue of a foreclosure conducted by an entity without the authority to foreclose. But the Taasans failed to plead that fact in the FAC, which simply alleges that Quality issued and recorded the notice of default and the notice of trustee's sale, effected the trustee's sale, and issued and recorded the trustee's deed upon sale. The FAC does not allege that CitiMortgage foreclosed on the property or that CitiMortgage had Quality conduct the trustee's sale in CitiMortgage's name. Furthermore, the IRS Form 1099-A that the Taasans referenced in and attached to their FAC indicates that the foreclosure sale was indeed held for the benefit of lender Freddie Mac, and thus undercuts the Taasans' argument on appeal.[2] Thus, even if CitiMortgage had acted without authority in signing the substitution of trustee as beneficiary,[3] the Taasans essentially concede that any such unauthorized action was subsequently ratified.

The Taasans assert that if, as they allege, CitiMortgage lacked authorization to execute the substitution of trustee, the unauthorized act

---

[2] In advance of oral argument, we sent a memorandum to counsel asking them to be prepared to address the following issue: Does the Form 1099-A attached to the FAC "identifying 'Freddie Mac' as 'Lender' affect the Taasans' ability to allege that they were prejudiced or harmed by the trustee's sale?"

[3] Contrary to their suggestion in their opening brief on appeal, however, the Taasans did not *prove* that CitiMortgage acted without authorization in signing the substitution of trustee; they merely so alleged. The Taasans argue that as a matter of law CitiMortgage could not have been authorized to sign the substitution of trustee as beneficiary because Civil Code section 2322, subdivision (a) provides that "[a]n authority expressed in general terms, however broad, does not authorize an agent to . . . [a]ct in the agent's own name, unless it is the usual course of business to do so." But the Taasans do not allege that any agreement between Freddie Mac and CitiMortgage gave CitiMortgage only general authority, rather than specific authority.

8

could not be ratified because under Civil Code section 2313, "No unauthorized act can be made valid, retroactively, to the prejudice of third persons, without their consent." But even if CitiMortgage's execution of the substitution of trustee was unauthorized, the Taasans have not alleged that they were prejudiced by Freddie Mac's ratification of the substitution of trustee. The Taasans were in default to Freddie Mac, Quality conducted a foreclosure sale, and Freddie Mac acknowledged the subsequent status of the debt in issuing the Form 1099-A that the Taasans refer to in the FAC.

The Taasans argue that their case should be governed by *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*) or *Sciarratta, supra*, 247 Cal.App.4th 552. Those cases, however, rest on fact patterns unlike those alleged by the Taasans and accordingly we do not find them persuasive here. In *Yvanova*, our Supreme Court was clear that its ruling was "narrow": the Court held "only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." (62 Cal.4th at p. 924.) But the Taasans have not alleged a void assignment of the underlying loan. The only assignment they allege is to Freddie Mac, and by pleading that Freddie Mac "was the owner of the loan" as a result of the assignment, they have alleged that the assignment was valid.

In *Sciarratta*, the plaintiff alleged that the beneficiary of the deed of trust, Chase, recorded two assignments: one to Deutsche Bank in April of 2009, and a second assignment to Bank of America in November 2009. (247 Cal.App.4th at pp. 557-558.) The Court of Appeal ruled that the plaintiff had alleged that second assignment was void: Chase could not assign the loan to Bank of America, because it had no interest to assign, having previously

9

assigned its interest to Deutsche Bank.  (*Id.* at p. 563.)  Therefore, plaintiff alleged that Bank of America, which foreclosed on the property, had no right to foreclose, and, by alleging foreclosure by a non-debtholder, adequately alleged harm or prejudice.  (*Id* at pp. 565-566.)  As we noted above, the Taasans have not alleged a void assignment.

In sum, we conclude that the Taasans have not adequately alleged an illegal foreclosure, nor have they adequately alleged prejudice or harm from the foreclosure.  Accordingly, we need not reach the issue of tender.

We turn now to the possibility of amendment.  As plaintiffs, the Taasans have the burden to demonstrate how they could amend their First Amended Complaint to allege facts that would state a cause of action for wrongful foreclosure.  (*Cantu*, *supra*, 4 Cal.App.4th at p. 890.)  In opposing CitiMortgage's demurrer in the trial court, the Taasans asserted that they should be granted leave to amend, but they did not identify any factual allegations that would cure the defects in the First Amended Complaint.  In arguing for leave to amend in their opening brief on appeal, the only additional allegation they propose is that it is not the usual course of business for a servicer to foreclose in its own name.  If it were added, this allegation would bolster the claim that CitiMortgage acted without authorization in executing the substitution of trustee if the Taasans alleged a general, rather than specific, agency agreement, but it would not constitute an allegation that the substitution of trustee was void, as opposed to voidable.  Nor would it constitute an allegation that the trustee's sale was unauthorized, because it is not an allegation that Quality conducted the foreclosure sale for CitiMortgage rather than for Freddie Mac.

10

## DISPOSITION

The judgment is affirmed.  CitiMortgage shall recover its costs on appeal.

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Richman, J.


A156973, *Taasan et al. v. CitiMortgage, Inc.*

12