Filed 5/18/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NIKI-ALEXANDER SHETTY, | |
| Plaintiff and Appellant, | G060657 |
| v. | (Super. Ct. No. 30-2021-01193728) |
| HSBC BANK USA, N.A., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge. Affirmed in part, reversed in part, and remanded with instructions. Request for judicial notice granted.

Law Office of Richard L. Antognini and Richard L. Antognini for Plaintiff and Appellant.

Bryan Cave Leighton Paisner, Jennifer A. Jackson, Adam Vukovic, and David Root for Defendants and Respondents.

This is an appeal from a demurrer sustained without leave to amend. Plaintiff Niki-Alexander Shetty purchased a home that had been foreclosed upon by a homeowners association. The home, however, was still subject to a defaulted mortgage and deed of trust between the bank and the original borrower. Defendants, the bank and mortgage servicer, recorded a notice of default and scheduled a foreclosure sale. Shetty sought to cure the default and resume regular payments on the loan. Defendants, however, refused, insisting that, as a stranger to the loan, he was not entitled to reinstate it. Shetty sued for wrongful foreclosure, arguing he had the right to reinstate the loan pursuant to Civil Code section 2924c (section 2924c). The trial court sustained a demurrer without leave to amend on the ground that Shetty did not have standing under the statute. We disagree with that interpretation of the statute and reverse the judgment as to all defendants except Mortgage Electronic Registration Services, Inc. (MERS), whom Shetty concedes has no liability.

FACTS

The following facts are alleged in the complaint.

This lawsuit concerns a condominium in the City of La Habra. The prior owner, S.L., took out a mortgage and deed of trust on the property. Defendant PHH Mortgage Corporation serviced the loan. Defendant MERS is identified as the beneficiary under the deed of trust. MERS assigned the deed of trust to defendant HSBC Bank USA, N.A. (HSBC), which then held the beneficial interest, as trustee, in the deed. As we explain below, the parties agree that MERS played no role in the alleged wrongdoing and that it should be dismissed from the lawsuit. All further references to "defendants" are to HSBC and PHH Mortgage Corporation.

In May 2018, the homeowners association for the community where the condominium is located foreclosed on the property. Shetty obtained the property from

2

the homeowners association by way of a grant deed.  The grant deed made no mention of the mortgage or deed of trust.

In July 2020, defendants recorded a notice of default against the condominium, which listed an amount due of $11,537.25.  In February 2021, defendants recorded a notice of trustee's sale, setting a foreclosure sale date of April 21, 2021.  The total unpaid balance was listed as $206,285.41.  Appropriate notices were mailed to Shetty.

Prior to the scheduled sale, Shetty "made numerous attempts" to obtain from defendants information he needed to "bring the loan secured by the [d]eed of [t]rust current and continue to make payments thereon."  However, defendants refused to provide any information on the ground that Shetty was not the borrower under the note secured by the deed of trust.

The complaint asserted causes of action for wrongful foreclosure, declaratory relief, and an accounting.  Shetty sought an injunction postponing the foreclosure sale "for a minimum of two weeks after defendants provide to Shetty information as to the amounts currently due, and where and how to make such payments . . . ."

Defendants demurred to the complaint.  The trial court sustained the demurrer without leave to amend.  The court concluded that Shetty had not pleaded the essential elements of a wrongful foreclosure cause of action because he did not allege tender, and that he did not have standing under section 2924c to reinstate the loan.  The court entered a judgment of dismissal, and Shetty timely appealed.

DISCUSSION

Shetty's sole contention on appeal is that he was entitled to reinstate the loan pursuant to section 2924c.  The issue comes down to whether Shetty has standing

3

under the statute.  The trial court found he did not and sustained a demurrer without leave to amend.

"Our review of the trial court's ruling sustaining the general demurrer is de novo.  We independently evaluate the complaint, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context." (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486.)  "[W]e accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.) We review the trial court's refusal to grant leave to amend for abuse of discretion. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)

I. *Mootness*

Before we address the primary issue of standing, defendants contend the appeal is moot because Shetty paid off the entirety of the loan during the pendency of the appeal and thus the trial court can no longer grant injunctive relief.  There is no more loan to reinstate.  Shetty's response is that he can amend his complaint to seek damages instead of injunctive relief.  Defendants respond that he cannot seek damages because he has no standing under section 2924c.  This response, however, renders defendants' argument fully circular:  the standing issue is moot because Shetty does not have standing.  Plainly, we must reach the issue of standing, and thus there is no reason for us to dismiss the appeal as moot.

II. *Standing*

We conclude Shetty does have standing to sue under section 2924c. Section 2924c, subdivision (a)(1), provides, in relevant part, "Whenever all or a portion of the principal sum of any obligation secured by deed of trust or mortgage on real property . . . has, prior to the maturity date fixed in that obligation, become due or been

4

declared due by reason of default in payment of interest or of any installment of principal, . . . the trustor or mortgagor *or their successor in interest in the mortgaged or trust property* or any part thereof . . . may pay to the beneficiary or the mortgagee . . . the entire amount due, at the time payment is tendered, . . . other than the portion of principal as would not then be due had no default occurred, and thereby cure the default theretofore existing, and thereupon, all proceedings theretofore had or instituted shall be dismissed or discontinued and the obligation and deed of trust or mortgage shall be reinstated and shall be and remain in force and effect, the same as if the acceleration had not occurred." (Italics added.)

"If all or part of the principal secured by a mortgage or deed of trust becomes due as the result of the borrower's default in paying interest or installments of principal, . . . section 2924c allows the borrower to cure the default, reinstate the loan, and avoid foreclosure by paying the amount in default, plus specified fees and expenses." (*Taniguchi v. Restoration Homes LLC* (2019) 43 Cal.App.5th 478, 481, fn. omitted.) "California courts have long recognized the public policy behind the right to reinstatement. A Court of Appeal in 1949 observed: 'Section 2924c . . . was first enacted in 1933, during a time of financial stress and depression throughout the United States. The purpose of the legislation was to save equities in homes, in many instances built up through years of monthly payments . . . . [¶] While conditions are fortunately different than they were in 1933, the protection given by the section to borrowers is just as important now as it was then. The right to make up payments in default and thus avoid calling the entire loan and sale under a trust deed is good public policy at any time." (*Id.* at p. 484.)

The question of whether Shetty has standing to reinstate the loan pursuant to section 2924c boils down to whether he is, in the language of the statute, the

5

mortgagor's "successor in interest in the mortgaged or trust property . . . ." (*Id.*, subd. (a)(1).) In interpreting this language, we begin with the plain language of the statute. "If the [statutory] language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

Under the plain language, Shetty has the right to reinstate the loan. The term "successor in interest" is not specifically defined in this statutory scheme. The general definition of "successor in interest" is: "Someone who follows another in ownership or control of property. A successor in interest retains the same rights as the original owner, with no change in substance." (Black's Law Dict. (11th ed. 2019) p. 1732, col. 2; see *Otay Land Co., LLC v. U.E. Limited, L.P.* (2017) 15 Cal.App.5th 806, 860-861 [relying on the Black's Law Dictionary definition of successor in interest]; *Perez v. 222 Sutter St. Partners* (1990) 222 Cal.App.3d 938, 948, fn. 8 [same].) Under this definition, purchasers at a foreclosure sale have been deemed successors in interest: "the [plaintiffs] fit the ordinary or 'general' definition of 'successor in interest' since their title can be traced back to the foreclosure through the chain of title." (*Epps v. Lindsey* (2017) 10 Cal.App.5th Supp. 1, 5.)

Crucially, section 2924c extends the right of reinstatement to the successor in interest to "the mortgaged or trust *property*." (*Id.*, subd. (a)(1), italics added.) It is not the successor in interest to the *mortgage*, but to the *property* subject to the mortgage. Shetty, as the current chain-of-title owner, clearly is the successor in interest to the property itself.

*Munger v. Moore* (1970) 11 Cal.App.3d 1 is on point. There, as here, the plaintiff took title to property via a grant deed, but the property was subject to a pre-

6

existing mortgage and deed of trust. (*Id.* at p. 5.) That mortgage went into default and the trustee exercised a power of sale. Prior to the sale, plaintiff—at that point the title owner but not a party to the mortgage contract—tendered the amount in default, but the trustee refused to accept the tender and sold the property. (*Id.* at pp. 5-6.) The court held the plaintiff had standing to assert a right of reinstatement under section 2924c: "Pursuant to . . . section 2924c, such successor has the statutory right to cure a default of the obligation secured by a deed of trust or mortgage within the time therein prescribed. Plaintiff, therefore, as [the mortgagor's] successor in interest in the trust property was entitled to tender the amount due to cure any default in the obligation to defendant and to institute the instant action for damages for the illegal sale which resulted from the failure to accept the timely tender." (*Id.* at p. 8.) So, too, here, Shetty was a successor in interest and thus entitled to exercise the right of reinstatement under section 2924c.

Defendants' principal response is to misconstrue the issue. According to defendants, "The right to reinstate the delinquent loan arises pursuant to the terms of the deed of trust." Wrong. The particular right to reinstate claimed by Shetty arises pursuant to statute. Perhaps the deed of trust has its own reinstatement provisions, but those would be neither here nor there since Shetty is not relying on them. Defendants then proceed from their erroneous premise as follows: "Shetty contends that he became the successor in interest to the . . . deed of trust upon purchasing the property from the [homeowners association], and therefore has the right to reinstate the defaulted loan under section 2924c(a)(1)." But this is also incorrect: Shetty is not claiming a right to reinstate as the successor in interest to the deed of trust, but instead as the successor in interest to the property itself.

Defendants' more general response is to repeatedly emphasize that Shetty is a "stranger" to the loan. However, this argument provides no help to us in interpreting

the statute itself. By permitting a successor in interest to reinstate the loan, the statute seems to specifically contemplate a stranger to the loan—i.e. not the original borrower—reinstating and taking over the mortgage. This result is not so absurd as would permit us to depart from the plain language of the statute. Under the plain language, Shetty is a successor in interest to the mortgaged property and thus had a right of reinstatement under section 2924c.

III. *Tender Is No Longer Relevant; Shetty Is Entitled to Amend His Complaint*

The trial court's other basis for sustaining the demurrer was that Shetty had failed to allege a wrongful foreclosure cause of action because he had not alleged that he had tendered the amount due under the defaulted mortgage. One of the elements of a wrongful foreclosure cause of action is "'"the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."'" [Citation.]" (*Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 561-562.)

However, because Shetty has since paid off the entirety of the original mortgage, he acknowledges he does not have a cause of action for wrongful foreclosure, but instead claims he can amend his complaint to allege a violation of section 2924c. He claims damages in the form of the additional costs associated with the replacement mortgage he was forced to take out in order to retire the existing loan. At first blush, this would seem to be a viable legal theory, though the parties have not provided briefing, and it would be premature of us to make any definitive holding on the subject at this stage. For now, we hold only that Shetty should be permitted an opportunity to amend his complaint to attempt to state a claim under section 2924c.

Finally, MERS contends the complaint has not described any wrongdoing on its part. Shetty agrees that MERS should be dropped from the complaint. Accordingly, we will affirm the judgment as to MERS.

8

DISPOSITION

The judgment of dismissal is reversed as to defendants HSBC Bank USA, N.A. and PHH Mortgage Corporation.  On remand, the trial court is instructed to enter an order sustaining the demurrer with leave to amend.  The judgment of dismissal is affirmed as to defendant MERS.  Shetty shall recover his costs incurred on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


SANCHEZ, J.