Filed 6/27/16  Hernandez v. PNMAC Mortgage Opportunity Fund Investors CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHERRY HERNANDEZ, | B258583 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC068794) |
| v. | |
| PNMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC, et. al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed in part, reversed in part, and remanded.

Sherry Hernandez, in pro. per.; Law Office of David W. Seal and David W. Seal for Plaintiff and Appellant.

Blank Rome, Todd A. Boock, Shawnda M. Grady, Jessica A. McElroy, and Cheryl S. Chang, for Defendant and Respondent PNMAC Mortgage Opportunity Fund Investors, LLC.

Burke, Williams & Sorensen, Richard J. Reynolds and Joseph P. Buchman, for Defendant and Respondent MTC Financial, Inc. dba Trustee Corps.

Plaintiff Sherry Hernandez (plaintiff) sued the parties responsible for foreclosing on her residence. She alleged there were defects in the assignment of the deed of trust on the property such that the entity that initiated the foreclosure sale did so without proper authority. The trial court sustained demurrers to plaintiff's complaint and entered a judgment of dismissal. We issued an opinion affirming the judgment, which noted that our resolution of the appeal involved an issue that was then pending before our Supreme Court: whether a borrower has standing to challenge an allegedly defective assignment of a trust deed by way of a cause of action for wrongful foreclosure.

Several months later, the Supreme Court issued its decision in *Yvanova v. New Century Mortgage Corporation* (2016) 62 Cal.4th 919 (*Yvanova*) and held—contrary to our earlier resolution of the issue, and disapproving three Court of Appeal decisions on which we relied—a borrower does have standing to challenge assignments that are allegedly void (but not merely void*able*). The Supreme Court granted review of our prior decision and remanded the case to us with directions to vacate our opinion and reconsider the matter in light of *Yvanova*. We do so now, concluding plaintiff should have an additional opportunity to amend her complaint to state a valid wrongful foreclosure claim, having never had the chance to do so consistent with the principles our Supreme Court has now identified in *Yvanova*.

## I. BACKGROUND

Plaintiff's husband, Alfredo Hernandez, borrowed $752,500 from Your-Best-Rate Financial, LLC, evidenced by his promissory note in that amount (the Note). The Note was secured by a deed of trust on the family's Rancho Palos Verdes home (the Property). The express terms of the trust deed defined the "borrower" to be "Alfredo Hernandez and [plaintiff], husband and wife and Elizabeth Hernandez, a single woman." The deed of trust defined the term "Note" to mean "the promissory note signed by Borrower," i.e., the $752,500 note signed on January 18, 2008. Plaintiff, her husband, and her daughter

2

Elizabeth all signed the deed of trust, which included a provision authorizing sale of the Property in the event of a default on the payments due under the Note.

The original lender, Your-Best-Rate Financial, LLC, assigned the Note to CitiMortgage, Inc. on the same day it was executed via a first allonge to the Note. A copy of the Note included in the appellate record, which we will later describe in more detail, also includes a second attached allonge that indicates "CitiMortgage, Inc. [b]y and through its Attorney in Fact PNMAC Capital Management LLC" endorsed the note in blank, which would operate to assign its interest to whoever holds the Note.

On January 18, 2012, PennyMac Loan Services recorded an assignment of the deed of trust on the Property (the Assignment). By its terms, the Assignment indicates Mortgage Electronic Registration Systems, Inc. (MERS),[1] the nominee "for Lender and Lender's successors and assigns" under the deed of trust, assigned "all beneficial interest" under the trust deed to PNMAC Opportunity Fund Investors, LLC (PNMAC). On its face, the Assignment indicates it was executed on January 5, 2012, by Todd Graves (Graves), acting in his capacity as an assistant secretary of MERS. The Assignment also bears an attestation by Corina Castillo, a Los Angeles County Notary Public, that Graves personally appeared before her and proved by satisfactory evidence that he executed the Assignment.

The same day the Assignment was recorded, MTC Financial, Inc. dba Trustee Corps (Trustee Corps)[2] recorded a Notice of Default and Election to Sell, stating the Note

---

[1]      "MERS was formed by a consortium of residential mortgage lenders and investors to streamline the transfer of mortgage loans and thereby facilitate their securitization. A member lender may name MERS as mortgagee on a loan the member originates or owns; MERS acts solely as the lender's 'nominee,' having legal title but no beneficial interest in the loan. When a loan is assigned to another MERS member, MERS can execute the transfer by amending its electronic database. When the loan is assigned to a nonmember, MERS executes the assignment and ends its involvement." (*Yvanova*, *supra*, 62 Cal.4th at p. 931, fn. 7.)

[2]      Trustee Corps was named the substitute trustee on February 14, 2012, and the Substitution of Trustee was recorded on July 10, 2012.

3

was in default in the amount of $55,059.76. Trustee Corps served and recorded a notice of trustee's sale on July 10, 2012, which scheduled the foreclosure sale to take place on August 6, 2012.

The sale was postponed when an automatic stay took effect upon the filing of a bankruptcy petition by Elizabeth Hernandez, plaintiff's co-trustor under the deed of trust. During the trial court proceedings in this case, both PNMAC and Trustee Corps asked the court to take judicial notice of certain documents filed during the bankruptcy proceedings. Among the documents was the bankruptcy court's tentative ruling on PNMAC's motion for relief from the automatic bankruptcy stay. In its tentative ruling, the bankruptcy court questioned PNMAC's interest in the Note and gave the parties additional time to provide evidence that PNMAC was entitled to enforce the terms of the Note. Also among the documents was a March 13, 2013, supplemental declaration from Rita Garcia, a Bankruptcy Manager for PNMAC's authorized agent. The declaration attached a copy of the Note with the second allonge purporting to show the Note had been endorsed in blank by CitiMortgage. (See, *ante*, at p. 3.) The Garcia declaration asserted "[PNMAC] has possession and control of the original Note with attached Allonges. As a result, [PNMAC] is the real party in interest."

Once PNMAC submitted the Garcia declaration with the Note and two attached allonges, the bankruptcy court ruled PNMAC had standing to seek relief from the automatic stay. Specifically, the bankruptcy court held PNMAC's submission of the Note, trust deed, and the Assignment was sufficient to establish it had "a colorable claim" in the Property.[3] The Bankruptcy Court accordingly lifted the automatic stay on April 15, 2013.

---

[3] The bankruptcy court explained: "Movant also attache[d] a copy of the Note with allonges to the Supplemental Declaration. One of the allonges . . . was not [previously] submitted with the Motion, and appears to be an endorsement in blank by CitiMortgage, Inc. ('Citimortgage')."

4

On April 16, 2013, Trustee Corps conducted the foreclosure sale of the Property. PNMAC purchased the Property for $695,000, and a Trustee's Deed Upon Sale to that effect was subsequently recorded in the County Recorder's Office.

In the meantime, plaintiff had filed a lawsuit against defendants PNMAC and Trustee Corps in Los Angeles Superior Court. She filed a first amended complaint after the foreclosure sale, and later a second amended complaint (the operative complaint) on December 2, 2013. The operative complaint asserts four causes of action: (1) "Violation of California Commercial Code–Fraudulent Assignment," (2) Quiet Title, (3) Wrongful Foreclosure, and (4) "cancellation of instrument," specifically, the deed of trust, notice of default, and notice of trustee's sale.

The overall gist of the operative complaint is fairly summed up by a sentence in one of its general allegations: "This action arises out of the wrongful conduct of the defendants as concerns a fraudulent assignment of deed of trust and a wrongful foreclosure on the . . . Property." (Operative Complaint ¶ 7.) The theory of the operative complaint, as taken from the general allegations and portions of the allegations set forth in connection with the designated causes of action, is that PNMAC had no interest in the trust deed, and thus no right to foreclose on the Property, because MERS never in fact assigned the trust deed to PNMAC. Instead, plaintiff alleges Graves (whose signature ostensibly appears on the Assignment) "is not, nor has he ever been" a representative of MERS. (Operative Complaint ¶ 25.) In the same vein, plaintiff further alleges the notary that verified Graves signed the Assignment "is or was an employee of one or more of [defendants]" and that she "has been indicted and is currently being prosecuted in Los Angeles California for criminal misuse of her notary seal." (Operative Complaint ¶¶ 25, 39.) Plaintiff further alleges, on information and belief, that defendants have no beneficial interest in the Note, and that the "Note was never assigned, sold, transferred or otherwise conveyed to Defendants." (Operative Complaint ¶¶ 13, 15.)

Significantly, the Operative Complaint contains somewhat contradictory allegations concerning the validity of the trust deed and the notice documents associated

5

with the foreclosure process. In the portion of her complaint pertaining to the cause of action for cancellation of instruments, plaintiff requests entry of judgment "declaring the Assignment of Deed of Trust, Notice of Default and Election to Sell and Notice of Trustee Sale, to be void ab initio." (Operative Complaint ¶ 55.) Just six paragraphs later, however, plaintiff states she "is the person against whom the instruments are void *or voidable*," and she is therefore entitled to relief. (Operative Complaint ¶ 61 [emphasis added].) As to her cause of action for wrongful foreclosure, plaintiff does allege "[t]here has been no valid assignment of any deed of trust" (Operative Complaint ¶ 39), but she makes no assertion as to whether the Assignment was void, or merely voidable. Rather, she states only that she seeks money damages and an order declaring the deed recorded upon completion of the foreclosure sale void. (Operative Complaint ¶¶ 47, 48.)

As they had in response to each of her two prior complaints, PNMAC and Trustee Corps demurred to the operative complaint. They contended all of plaintiff's causes of action failed because she had not unconditionally tendered the amounts due under the Note, and because the comprehensive statutory framework for nonjudicial foreclosures precluded her from stating a valid cause of action. As to the wrongful foreclosure and Commercial Code causes of action in particular, PNMAC asserted plaintiff could not "seek judicial review as to whether the entity that initiated the non-judicial foreclosure proceedings was authorized to do so."

In a written ruling issued after the trial court took the matter under submission, the court granted defendants' request for judicial notice of the trust deed, Assignment, and other documents recorded in the Los Angeles County Recorder's Office, as well as the documents concerning Elizabeth Hernandez's bankruptcy proceeding. The court sustained the demurrers filed by defendants as to all four causes of action without leave to amend. The trial court reasoned the complaint failed to allege that plaintiff unconditionally tendered the amount of indebtedness, or facts to establish that tender was not required; the complaint failed to sufficiently allege that plaintiff suffered prejudice by reason of the foreclosure; and the allegation that the document assigning the trust deed

6

contained an improper signature was insufficient, absent prejudice, to state a cause of action. The court elaborated on the concept of prejudice, explaining plaintiff had not asserted she or her husband attempted to pay the outstanding debt and thus, in the court's view, "the victim of the alleged improper execution of the Deed of Trust and improper notarization would be the lender which would have been entitled to foreclose, not the Plaintiff."

The trial court entered a judgment of dismissal, and plaintiff timely appealed. In an opinion filed on December 18, 2015, we affirmed the judgment. We rested our holding largely on our conclusion that a foreclosure plaintiff does not have standing to challenge an entity's authority to initiate foreclosure proceedings based on an allegedly defective assignment. We noted, however, that the standing issue we resolved against plaintiff was pending before our Supreme Court in *Yvanova*. Plaintiff sought review in the Supreme Court on that basis, and the Supreme Court issued an order remanding the matter to us for reconsideration in light of its newly issued *Yvanova* opinion.

## II. DISCUSSION

Plaintiff filed the operative complaint in December 2013, long before our Supreme Court decided *Yvanova*. As it is now pled, the complaint does not adequately state a valid cause of action, and plaintiff in her supplemental briefing after remand does not seriously contend otherwise. Rather, the focus of the parties' dispute is now whether there is a reasonable possibility plaintiff could state a valid cause of action for wrongful foreclosure post-*Yvanova*. In particular, plaintiff contends that although the operative complaint "contained an erroneously labeled, and perhaps inartfully[ ] drafted first cause of action," the gist of the complaint was that plaintiff "was arguing she had the right to question the foreclosure due to a void assignment of the Deed of Trust." Plaintiff argues there is a reasonable probability she can plead facts stating a valid claim for wrongful foreclosure consistent with the parameters established in *Yvanova* and urges us to remand the case to the trial court so she may have an opportunity to do so. Owing to the

7

significant change in controlling authority, and seeing no basis to conclude at this stage that a wrongful foreclosure claim against PNMAC would be doomed, we agree she should have that opportunity. As to Trustee Corps, however, a wrongful foreclosure claim *is* doomed, as we shall explain. We therefore affirm the judgment of dismissal solely as to that party.

### A. *Standard of Review*

We review de novo the trial court's order sustaining the demurrers and we determine whether the operative complaint states a valid cause of action. (*Brown v. Deutsche Bank National Trust Company* 204 Cal.App.4th 433.) "[W]e accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law. We may also consider matters subject to judicial notice. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) To determine whether the trial court should, in sustaining the demurrer, have granted the plaintiff leave to amend, we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)" (*Yvanova*, *supra*, 62 Cal.4th at p. 924 [footnote omitted].)

### B. *The Operative Complaint Does Not Now State a Valid Cause of Action*
#### 1. *Claims other than wrongful foreclosure*

We adhere to our prior opinion's resolution of plaintiff's appeal as to the first, second, and fourth causes of action in the operative complaint, for violation of the Commercial Code, quiet title, and cancellation of instruments, respectively. As the trial court concluded, the Commercial Code has no application in the realm of nonjudicial foreclosure. (*Debrunner v. Deutsche Bank Nat. Trust Co* (2012) 204 Cal.App.4th 433, 441.) In addition, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured," which plaintiff has not done.

8

(*Shimpones v. Stickney* (1934) 219 Cal. 637, 649; accord, *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86 [citing additional cases].) And as to the cause of action for cancellation of instruments, plaintiff has alleged no facts which would support cancellation of the Note or deed of trust because she does not dispute the validity of those documents; she challenges only the validity of the trust deed's transfer by way of the Assignment.

### 2. *The wrongful foreclosure cause of action*

The elements of a claim for wrongful foreclosure are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.)

In our prior opinion, we relied on three Court of Appeal decisions that held a plaintiff who does not dispute obligations owed under a promissory note or deed of trust cannot demonstrate prejudice from an allegedly defective assignment because the assignment merely substitutes one party for another without changing the underlying obligations; the true victim of the defective assignment in such circumstances, so the argument goes, is the lender not the plaintiff. (*Hernandez v. PNMAC Mortgage Opportunity Fund Investors, LLC, et al.* (Dec. 18, 2015, B258583 [nonpub. opinion, citing *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75; *Herrera v. Federal Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256].) There was another Court of Appeal decision holding to the contrary, *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, but at the time it occupied, as one court has described it, "a lonely

9

minority position on one side of a split in the California courts." (*Lundy v. Selene Finance, LP* (N.D. Cal. Mar. 17, 2016, No. 15CV05676JST) 2016 WL 1059423.)

The *Yvanova* decision changed that, siding with *Glaski* and marking a sharp shift in the pre-existing legal landscape. In *Yvanova*, our Supreme Court resolved what it described as the narrow question on which it granted review: "whether the borrower on a home loan secured by a deed of trust may base an action for wrongful foreclosure on allegations a purported assignment of the note and deed of trust to the foreclosing party bore defects rendering the assignment void." (*Yvanova*, *supra*, 62 Cal.4th at p. 923.) The court held "an allegation that the assignment was void, and not merely voidable at the behest of the parties to the assignment, will support an action for wrongful foreclosure." (*Id.* at p. 924.) Although the court rejected the financial institution defendants' argument that the plaintiff had no standing to bring a wrongful foreclosure claim based on an allegedly defective assignment, the court's opinion did include language disclaiming any intent to resolve questions concerning the substantive elements of the wrongful foreclosure tort or the factual showing needed to meet those elements. (*Ibid.*)

In her supplemental briefing, plaintiff essentially concedes the complaint, including the wrongful foreclosure cause of action, does not now state a valid claim. She acknowledges portions of the complaint are "perhaps inartfully[ ] drafted" and she recognizes "[a] favorable ruling at this stage will still mean the borrower must file a complaint that makes sufficient allegations." We agree, for her alternative usage of void or voidable, and the allegations made specifically in connection with her wrongful foreclosure claim, leaves her theory of liability unclear, and unclear in a manner that makes all the difference under *Yvanova*. But the conclusion the complaint is not sufficient as it stands does not end our inquiry; rather, plaintiff devotes nearly the entirety of her supplemental briefing to making the case that she deserves an opportunity to amend the complaint to state a wrongful foreclosure claim with the benefit of our Supreme Court's guidance in *Yvanova*.

10

C.       *Plaintiff Is Entitled to An Additional Opportunity to Allege a Valid Cause of Action for Wrongful Foreclosure against PNMAC*

When addressing whether leave to amend a complaint was erroneously denied, a plaintiff "must show in what manner he can amend [the] complaint and how that amendment will change the legal effect of [the] pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349, internal citations omitted.) We decide whether there is a reasonable possibility the defect or defects in the complaint can be cured by an amendment; if so, the court has abused its discretion and we reverse. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

As we have said, the *Yvanova* decision represented a significant shift from pre-existing case law, and in light of *Yvanova*, we hold there is a reasonable possibility plaintiff can amend to state a valid cause of action for wrongful foreclosure.[4] Taken together, portions of the existing operative complaint and plaintiff's supplemental briefing in this court are sufficient indication she intends to allege PNMAC was not the true beneficiary because the Assignment was absolutely void—not simply voidable.[5] (*Yvanova*, *supra*, 62 Cal.4th at p. 935 ["If a purported assignment necessary to the chain by which the foreclosing entity claims that power [to complete a nonjudicial foreclosure] is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure"].) PNMAC, however, counters that mere allegations an Assignment is defective and thereby void are insufficient; to plead wrongful foreclosure a plaintiff must identify facts establishing *how* the Assignment is void. We agree that a plaintiff does not state a valid cause of action solely

---

[4]      This shift is also why we do not fault plaintiff for articulating only now how she would amend the complaint in an effort to state a valid wrongful foreclosure cause of action.

[5]      While a void contract is one without legal effect that binds no one and is a mere nullity, a void*able* contract is one that the parties thereto may declare void but is not void in itself. (*Yvanova*, *supra*, 62 Cal.4th at pp. 929-930.)

11

by including boilerplate language in a complaint asserting an assignment is void. (*Glaski v. Bank of America*, *supra*, 218 Cal.App.4th at p. 1094.) But our reading of the operative complaint along with the additional facts plaintiff now represents she can plead establishes a reasonable possibility plaintiff can go beyond mere allegations and present a specific wrongful foreclosure theory on which she intends to rely, namely, that the person who ostensibly executed the Assignment, Graves, in fact had no authority to act on MERS's behalf; or if he did, he did not in fact execute the Assignment because the notary, Castillo, who has since apparently been convicted (not just indicted) for misuse of her notary seal falsely verified his signature; and that just months before the Assignment was ostensibly executed there were competing claimants on the beneficial interest in the Note.

PNMAC, however, has what appears at first blush to be a forceful counterargument. PNMAC claims, relying on the Garcia declaration that was among the bankruptcy documents the trial court judicially noticed, that it was the holder of the Note at the time foreclosure proceedings were instituted. If PNMAC could properly and conclusively establish at this stage of the proceedings that it did hold the Note at the relevant time, that would be dispositive and preclude a wrongful foreclosure cause of action because a deed of trust automatically transfers with the Note it secures—even without a separate assignment. (Civ. Code, § 2936; *Yvanova*, *supra*, 62 Cal.4th at p. 927 ["The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment"].)

On appeal from the trial court's demurrer ruling, however, we are not in a position to accept PNMAC's counterargument for two reasons. First, the operative complaint alleges (and it appears plaintiff would persist in the allegation) that PNMAC was not the holder of the Note. In many situations courts may take judicial notice of the existence and facial contents of publicly recorded documents and certain documents filed in other judicial proceedings notwithstanding contrary allegations leveled in a complaint. (*Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at pp. 264-265 [court may

12

take judicial notice of facts that cannot reasonably be controverted].) The question of who the holder of a note is, however, is disputable (at least in this case), and we will not assume the truth of facts asserted in the Garcia declaration to disregard the complaint's contrary allegations. (*Yvanova*, *supra*, 62 Cal.4th at p. 924, fn. 1 [taking judicial notice of a recorded deed of trust and other documents but "not of disputed or disputable facts stated therein"].) Further, even if it were proper to take judicial notice of the truth of the facts to which Garcia attested in her declaration, there is nothing in the declaration or on the second allonge to the Note itself—which is undated—that establishes when PNMAC came to be its holder.[6] Without a basis to conclude PNMAC was the holder at the time it instituted foreclosure proceedings, we are convinced there remains a reasonable possibility plaintiff can state a proper wrongful foreclosure claim.

In our prior opinion, we also held the operative complaint failed for insufficient allegations concerning the prejudice element of a wrongful foreclosure claim because she did not dispute that her husband had ceased making payments on the Note and there was no allegation, nor reason to believe, that CitiMortgage (the holder of the Note prior to the asserted fraudulent Assignment) would not have proceeded with foreclosure. To support our conclusion on that point, we relied on *Siliga v. Mortgage Electronic Registration Systems*, *supra*, 219 Cal.App.4th 75. PNMAC contends there is no reasonable probability plaintiff could amend her complaint to state a wrongful foreclosure claim for this same reason.

We believe our prior prejudice rationale no longer holds. *Siliga* is one of the cases *Yvanova* has now expressly disapproved to the extent it held borrowers lack standing to challenge an assignment of the deed of trust as void. (*Yvanova*, *supra*, 62 Cal.4th at

---

[6] Not only is the second allonge to the Note undated, it is executed on CitiMortgage's behalf "[b]y and through its Attorney in Fact PNMAC Capital Management LLC." The parties have not pointed to a document in the record before us memorializing an agreement by CitiMortgage to have PNMAC Capital Management LLC act as its attorney in fact.

p. 939, fn. 13.) Moreover, more than once in its opinion, our Supreme Court casts doubt on the rationale on which we relied to conclude there was an insufficient allegation of prejudice. (*Id.* at p. 941 ["Without discussing *Glaski*, the *Siliga* court also held the borrower plaintiffs failed to show any prejudice from, and therefore lacked standing to challenge, the assignment of their deed of trust to the foreclosing entity. . . . As already explained, this prejudice analysis misses the mark in the wrongful foreclosure context. When a property has been sold at a trustee's sale at the direction of an entity with no legal authority to do so, the borrower has suffered a cognizable injury"]; see also, e.g., *id.* at p. 938 ["The logic of defendants' no-prejudice argument implies that anyone, even a stranger to the debt, could declare a default and order a trustee's sale—and the borrower would be left with no recourse because, after all, he or she owed the debt to someone, though not to the foreclosing entity. This would be an 'odd result' indeed"] (emphasis omitted).) To be sure, *Yvanova* does state its holding is narrow, and it does disclaim any intent to address the substantive elements of the wrongful foreclosure tort. But we cannot reconcile our prior lack-of-prejudice holding—that plaintiff failed to allege another entity would not have foreclosed—with *Yvanova*'s statements indicating no such allegation is necessary to state a wrongful foreclosure claim. (See *Sciarratta v. U.S. Bank National Association* 247 Cal.App.4th 552 [202 Cal.Rptr.3d 219, 221-222] ["[W]e conclude that a homeowner who has been foreclosed on by one with no right to do so—by those facts alone—sustains prejudice or harm sufficient to constitute a cause of action for wrongful foreclosure"].) In addition, and in any event, "[w]hatever merit [a] rule [requiring proof the true beneficiary would not have foreclosed] would have" on the ultimate question of liability (*Yvanova*, *supra*, 62 Cal.4th at pp. 938-939), a plaintiff who states a cause of action consistent with *Yvanova* is entitled to an opportunity to show through discovery that the proper party to foreclose would not have foreclosed, or at least would not have instituted foreclosure proceedings as quickly as the actual foreclosing party in fact did.

PNMAC additionally argues plaintiff cannot carry her burden to show a reasonable possibility of amending to state a valid wrongful foreclosure claim because

she cannot plead tender, i.e., that she paid or offered to pay the amount due under the Note. *Yvanova*, while expressly reserving decision on the question of whether tender is required to set aside a foreclosure sale based on a claim of wrongful foreclosure, did cite cases holding there are exceptions to the tender rule. (*Yvanova*, *supra*, 62 Cal.4th at p. 929, fn. 4 [citing cases and explaining "[t]ender has been excused when, among other circumstances, the plaintiff alleges the foreclosure deed is facially void, as arguably is the case when the entity that initiated the sale lacked authority to do so"]; see also, e.g., *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1280-1281 [citing cases]; *Barrionuevo v. Chase Bank, N.A.* (N.D. Cal. 2012) 885 F.Supp.2d 964, 969.) We believe there is a reasonable possibility plaintiff can plead sufficient facts in a Third Amended Complaint to state a cause of action that would come within one of the recognized exceptions—particularly if, as plaintiff now contends, the complaint "would be nothing more than an action for money damages," rather than an attempt to unwind the completed foreclosure sale.

Next, PNMAC asserts plaintiff cannot state a valid wrongful foreclosure claim because she did not sign the Note and *Yvanova* is framed only in terms of what a "borrower" may allege. This argument fails because plaintiff is named in the trust deed, which she signed, as a "borrower" on the Note. We are convinced *Yvanova* did not use the term borrower in any more technical or restrictive sense than that.

Finally, we emphasize we do not hold plaintiff necessarily has a valid cause of action for wrongful foreclosure against PNMAC. Rather, consistent with the well-established standard we apply at this stage of the proceedings, we hold only that there is reasonable possibility that she will be able to plead such a claim. We therefore remand the matter to the trial court to give her that opportunity, which if again contested via demurrer by PNMAC, the trial court will decide on the record before it.

15

D.      *Even in Light of* Yvanova*, the Trial Court Correctly Sustained Trustee Corps' Demurrer Without Leave to Amend*

"A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee. 'The trustee holds a power of sale. If the debtor defaults on the loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure sale.' (*Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813.) . . . . [¶] . . . [¶] The trustee of a deed of trust is not a true trustee with fiduciary obligations, but acts merely as an agent for the borrower-trustor and lender-beneficiary. (*Biancalana v. T.D. Service Co.*, *supra*, 56 Cal.4th at p. 819; *Vournas v. Fidelity Nat. Tit. Ins. Co.* (1999) 73 Cal.App.4th 668, 677.) While it is the trustee who formally initiates the nonjudicial foreclosure, by recording first a notice of default and then a notice of sale, the trustee may take these steps only at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust—the original beneficiary or its assignee—or that entity's agent. (Civ. Code, § 2924, subd. (a)(1) [notice of default may be filed for record only by '[t]he trustee, mortgagee, or beneficiary']; *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334 [when borrower defaults on the debt, 'the beneficiary may declare a default and make a demand on the trustee to commence foreclosure']; *Santens v. Los Angeles Finance Co.* (1949) 91 Cal.App.2d 197, 202 [only a person entitled to enforce the note can foreclose on the deed of trust].)" (*Yvanova*, *supra*, 62 Cal.4th at pp. 926-927.)

We have held it is reasonably possible plaintiff can state a valid wrongful foreclosure cause of action against PNMAC, and we remand to give her that opportunity. She is not entitled, however, to leave to amend as to Trustee Corps because we are convinced there is no reasonable possibility she could state a valid wrongful foreclosure cause of action against that entity.

It is undisputed that Trustee Corps instituted foreclosure proceedings by recording a notice of default and a notice of sale. But given the circumscribed role of a trustee in foreclosure proceedings, merely alleging that Trustee Corps took these actions at

16

PNMAC's behest is not a sufficient basis on which wrongful foreclosure liability can be predicated. The apparent basis for the operative complaint's assertion of a wrongful foreclosure cause of action against Trustee Corps were allegations that PNMAC and Trustee Corps, labeled by plaintiff the "conspiring defendants," joined together in some unspecified manner to form a "conspiracy" and perpetrate "actual fraud" in the assignment of the trust deed. (Operative Complaint ¶¶ 8, 25, 26, 40.) These, however, are mere conclusory allegations insufficient to allege conspiracy. (*State of California ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 419; *Nicholson v. McClatchy Newspapers* (1986) 177 Cal.App.3d 509, 521; see also *Kachlon v. Markowitz*, *supra*, 168 Cal.App.4th at pp. 333, 343 [actions taken by a foreclosure trustee privileged under Civil Code, §§ 47 & 2924, subd. (d) unless malicious].) Plaintiff's supplemental briefing offers nothing as to how she could plead facts sufficient to state a claim against Trustee Corps specifically, and no viable path for a wrongful foreclosure cause of action against that entity is otherwise apparent. We therefore uphold the trial court's decision to sustain the demurrer without leave to amend as to Trustee Corps.

DISPOSITION

The judgment of dismissal is affirmed as to defendant Trustee Corps.  The judgment of dismissal is reversed as to defendant PNMAC and the matter remanded for further proceedings consistent with this opinion.  Defendant Trustee Corps shall recover its costs on appeal.  Plaintiff and defendant PNMAC shall bear their own costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



KRIEGLER, Acting P.J.



RAPHAEL, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.