[No. G038894. Fourth Dist., Div. Three. June 5, 2008.]

SUSANNE BALL, Plaintiff and Appellant, v.
FLEETBOSTON FINANCIAL CORPORATION et al., Defendants and
Respondents.

COUNSEL

Franklin & Franklin, J. David Franklin; Law Offices of Anthony A. Ferrigno and Anthony A. Ferrigno for Plaintiff and Appellant.

Reed Smith, Margaret M. Grignon, Abraham J. Colman, Scott H. Jacobs and Zareh A. Jaltorossian for Defendants and Respondents.

OPINION

**FYBEL, J.—**

## INTRODUCTION

Did the trial court abuse its discretion in denying a motion for leave to file a second amended complaint that would have raised causes of action for violation of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) (CLRA), and for declaratory relief? We conclude it did not, as explained *post*, and we therefore affirm.

Plaintiff Susanne Ball alleged Bank of America, the successor in interest to FleetBoston Financial Corporation and Fleet National Bank (collectively, Fleet), violated the CLRA by including unconscionable arbitration provisions in its credit card agreement. This court has previously determined, however, that the CLRA does not apply to the issuance of a credit card. (*Berry v. American Express Publishing, Inc.* (2007) 147 Cal.App.4th 224, 227 [54 Cal.Rptr.3d 91] (*Berry*).)

Ball's cause of action for declaratory relief seeks a judicial declaration regarding the same allegedly unconscionable arbitration provisions in the credit card agreement, and, by virtue of the allegations made in the complaint, is wholly derivative of the cause of action for violation of the CLRA. The trial court was correct in denying the motion for leave to amend.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 13, 2004, Ball sued Fleet for violation of the unfair competition law, Business and Professions Code section 17200 et seq. (UCL). Ball alleged Fleet's standard form credit card agreement was a procedurally unconscionable contract of adhesion, and was substantively unconscionable in that it required binding arbitration of any disputes, required the credit card account subscriber to give up the right to class action arbitration, and permitted Fleet to make unilateral modifications to the agreement without the consent of the

subscriber. Ball admitted she did not have an account with Fleet, but was bringing the lawsuit on behalf of the general public.

After the passage of Proposition 64, which imposed new standing requirements on UCL cases, Ball filed a first amended complaint. The first amended complaint alleged additional claims of substantive unconscionability. In the first amended complaint, Ball continued to allege she was not a Fleet credit cardholder, and had no contractual relationship with Fleet.

The case was stayed pursuant to a stipulated order. The stay was lifted after the California Supreme Court issued its opinion in *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223 [46 Cal.Rptr.3d 57, 138 P.3d 207]. At the case management conference at which the stay was lifted, Ball's counsel acknowledged Ball no longer had standing to sue under the UCL.

On September 6, 2006, Ball opened a credit card account with Bank of America. On December 22, 2006, Ball filed a motion for leave to file a second amended complaint.[1] The proposed complaint would have asserted causes of action for violation of the CLRA, and for declaratory relief. The proposed complaint would also have alleged that Bank of America was the successor in interest to Fleet, and named Bank of America as a Doe defendant.[2] The trial court denied the motion for leave to amend, concluding Ball could not seek relief under the CLRA based on a credit card agreement, citing *Berry, supra,* 147 Cal.App.4th 224. Judgment was entered, and Ball timely appealed.

DISCUSSION

I.

*STANDARD OF REVIEW*

We review the trial court's denial of the motion for leave to file a second amended complaint for an abuse of discretion. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242 [46 Cal.Rptr.3d 66, 138 P.3d 214].)

---

[1] On September 25, 2006, Ball had filed a motion for leave to file a second amended complaint. The trial court found Ball's declarations submitted with the motion failed to conform to California Rules of Court, former rule 327(a), and denied the motion without prejudice.

[2] Bank of America acquired Fleet through a merger on April 1, 2004.

## II.

### CAUSE OF ACTION FOR VIOLATION OF THE CLRA

■ The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." (Civ. Code, § 1770, subd. (a).)

In *Berry, supra,* 147 Cal.App.4th at page 227, a panel of this court concluded, "the extension of credit, such as issuing a credit card, separate and apart from the sale or lease of any specific goods or services, does not fall within the scope of the [CLRA]." The plaintiff had alleged the credit cardholder agreement with his credit card company violated the CLRA because it included provisions requiring arbitration of all disputes and prohibiting class action relief. (*Berry, supra,* 147 Cal.App.4th at p. 227.) The appellate court thoroughly reviewed the legislative history of the CLRA, and concluded it was clear that the issuance of credit to a consumer was intentionally omitted from the scope of the CLRA. (*Berry, supra,* 147 Cal.App.4th at pp. 230–232.)

Ball argues *Berry*'s description of the purpose of a credit card as "indicia of the credit extended to the cardholder" is too narrow. (*Berry, supra,* 147 Cal.App.4th at p. 229.) Ball alleges in her proposed second amended complaint that "defendant provides 'payment services' for 'convenience users' who wish to make purchases without paying cash or writing a check and where monthly balances are paid in full on a regular basis. On the other hand, 'credit features' are for those customers who wish to borrow by way of the use of their Bank of America credit card. Thus, in all instances, the Bank of America standard form credit card agreement is in part a contract for the retail purchase of services." Ball argues her case is not covered by *Berry* because "when [Ball] entered into the standard form credit card account agreement with Bank of America, it was a transaction *intended to result* in the sale or lease of goods o[r] services to [her]." We disagree. We find the holding of *Berry* to be well reasoned and correct. Whatever Ball intended to do with her credit card, the act of extending credit alone is not covered by the CLRA. The proposed second amended complaint does not allege a claim under the CLRA in connection with an actual purchase of goods or services using a credit card.

Ball also argues *Berry* is inconsistent with *Hitz v. First Interstate Bank* (1995) 38 Cal.App.4th 274 [44 Cal.Rptr.2d 890] (*Hitz*). Again, we disagree. *Hitz* did not involve the CLRA. Rather, the case involved a claim that late and overlimit fees charged to a bank's credit card customers were unreasonable liquidated damages, and therefore invalid. (*Hitz, supra,* 38 Cal.App.4th at

p. 292.) The appellate court concluded the credit card agreement at issue was " 'a contract for the retail purchase . . . of personal property or services, primarily for the party's personal, family, or household purposes,' " pursuant to Civil Code section 1671, subdivision (c)(1). (*Hitz, supra*, 38 Cal.App.4th at p. 286.) The court further concluded, "[t]he convenience feature of credit cards is surely a 'service' *within the meaning of Civil Code section 1671, subdivision (c)*, wholly apart from the credit feature." (*Id.* at p. 287, italics added.) That court's interpretation of Civil Code *section 1671* regarding liquidated damages for a breach of contract does not inform the interpretation of provisions of separate sections in the Civil Code containing the CLRA.

## III.

### CAUSE OF ACTION FOR DECLARATORY RELIEF

Ball also argues the trial court erred by failing to permit her to amend her complaint to add a cause of action for declaratory relief. Ball's proposed cause of action for declaratory relief reads, in full, as follows:

"35. Plaintiff realleges and incorporate[s] herein by reference paragraphs 1 through 34, inclusive, of this Second Amended Complaint as though fully set forth herein.

"36. A controversy has arisen and now exists between Plaintiff and Plaintiff class members on the one hand, and Defendant Bank of America Corporation on the other hand, concerning their respective rights and duties in that Plaintiff and Plaintiff class members contend that the Defendant's standard form pre-printed credit card agreement contains provisions which are illegal, unconscionable and/or violate strong California public policy, whereas Defendant disputes these contentions and contends that none of the provisions of its standard form pre-printed credit card agreement are illegal, unconscionable and/or violate strong California public policy.

"37. Plaintiff desires a judicial determination of her rights and duties, and the rights and duties of the absent class members, and a declaration as to whether or not the arbitration provisions of the Defendant's standard form pre-printed credit card agreement are invalid because of illegality, unconscionability, and/or violation of strong California public policy."

Thus, paragraph 36 of the proposed second amended complaint alleges that the contract provision for arbitration was illegal, unconscionable, and violated public policy, based on the allegations set forth in paragraphs 1 through 34—all of which relate to the alleged violation of the CLRA.

The statute permitting independent claims for declaratory relief provides, in relevant part: "Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of *actual controversy* relating to the legal rights and duties of the respective parties, bring an *original action* or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, *either alone or with other relief*; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. . . . *The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.*" (Code Civ. Proc., § 1060, italics added.)

■ Because Code of Civil Procedure section 1060 permits an original action, and authorizes a claim for declaratory relief to be filed "alone," Ball is correct in arguing she could pursue a claim for declaratory relief in the absence of another cause of action or other requested relief. Ball is also correct in noting that the language of her proposed cause of action for declaratory relief establishes she is an interested person under a contract and seeks a declaration of her rights and duties under that contract.

■ Fatal to Ball's claim for declaratory relief is our conclusion, *ante*, regarding Ball's CLRA claim. Where a trial court has concluded the plaintiff did not state sufficient facts to support a statutory claim and therefore sustained a demurrer as to that claim, a demurrer is also properly sustained as to a claim for declaratory relief which is "wholly derivative" of the statutory claim. (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 794 [9 Cal.Rptr.3d 734].) ■ As can be seen from the language of the proposed declaratory relief cause of action, quoted *ante*, it is wholly derivative of the proposed cause of action for violation of the CLRA. The only declaration sought by the cause of action is a judicial declaration that the arbitration provisions of the credit card agreement are illegal and unconscionable, and violate public policy. The CLRA cause of action requests that the enforcement of the arbitration provisions of the credit card agreement be enjoined, because they are unlawful and/or unconscionable.

## DISPOSITION

The judgment is affirmed. Respondents to recover costs on appeal.

Rylaarsdam, Acting P. J., and O'Leary, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 1, 2008, S165154. Kennard, J., and Chin, J., did not participate therein.