Filed 9/24/20  Shetty v. HSBC Bank USA, Nat. Assn. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| SATISH SHETTY,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>      Defendant and Respondent. | D075639<br><br><br><br><br>Super. Ct. No.<br>37-2017-00041523-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Law Office of Richard L. Antognini and Richard L. Antognini for Plaintiff and Appellant.

Servson & Werson and Jan T. Chilton, Kerry W. Franich, Kenneth Sur Miller, John Brendan Sullivan for Defendant and Respondent.

Plaintiff and appellant Satish Shetty and his company Tatonka Acquisitions, Inc. sued defendant and respondent HSBC Bank USA, National

Association (Bank) and others[1] alleging causes of action for quiet title and declaratory relief relating to a condominium Shetty had purchased from a homeowners' association that foreclosed on an assessment lien for unpaid dues. The trial court sustained Bank's demurrer without leave to amend. Shetty contends this ruling was error; we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We state the facts, even if improbable, from the properly pleaded allegations from the operative first amended complaint. (*Century-National Ins. Co. v. Garcia* (2011) 51 Cal.4th 564, 566, fn. 1; *Hacker v. Homeward Residential, Inc.* (2018) 26 Cal.App.4th 270, 280.) However, we disregard contentions, deductions or conclusions of fact or law. (*Marsh v. Anesthesia Services Medical Group, Inc.* (2011) 200 Cal.App.4th 480, 491.)

The operative first amended complaint is cursory. Shetty alleges he and his company are the owners of property located on Camino Huerta in San Diego County (the property). Shetty alleges he obtained title via a grant deed from a homeowners' association, Genesee Highlands Association (HOA)recorded in October 2015, then conveyed title to himself and his company. He alleges that Bank, which is designated as "Trustee for Adjustable Rate Mortgage Trust 2004-5," claims an interest in the property under a September 2004 deed of trust, and recorded a notice of default and

---

[1] The other defendants are GMAC Mortgage Corporation (GMAC), Law Offices of Les Zieve, and "all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title or any cloud on plaintiff's title thereto . . . ." (Some capitalization omitted.) Zieve also demurred to Shetty's first amended complaint but the sole respondent in this appeal is Bank. While Tatonka Acquisitions, Inc. was originally a named plaintiff, it filed for Chapter 11 bankruptcy in November 2017. Tatonka is not a party to this appeal.

notice of trustee's sale respectively in April 2017 and October 2017. Shetty alleges the notice of default does not have a currently dated "California Declaration of Compliance" appended to it as required by subdivision (c) of Civil Code section 2923.55 (section 2923.55). He seeks to quiet title to the property in his favor as of October 2015 and further seeks a judicial declaration that the notice of default and notice of trustee's sale are void. Shetty alleges generally that Bank's notice of default and election to sell, and notice of trustee's sale "creat[e] clouds upon and affect[] plaintiffs' title to the real property" at issue. He expressly alleges the complaint "is not an action for wrongful foreclosure or a challenge to any securitization of any existing loan." Shetty seeks a judicial declaration that plaintiffs "own and hold unencumbered title to the . . . property in fee simple and that their title should be protected and taken into account before any foreclosure sale . . . be conducted by defendants . . . ."

Bank demurred on grounds the first amended complaint failed to state facts sufficient to constitute a cause of action. Pointing out Shetty had initially filed suit over the property in Los Angeles County, which lawsuit was dismissed with prejudice in September 2017, Bank argued Shetty's claims were barred by res judicata. It argued Shetty's cause of action for quiet title failed because Shetty failed to allege the prerequisite of tender, namely that he had satisfied the loan secured by Bank's deed of trust. It also argued Shetty took title to the property subject to the September 2004 deed of trust and could not establish superior title, thus he could not maintain a quiet title cause of action. Bank argued Shetty was not entitled to a declaratory judgment because (1) the notice of default did not violate section 2923.55 of the Homeowners' Bill of Rights; (2) Shetty was not protected by

that law as he was not the borrower on the loan; and (3) section 2923.55 had been repealed in any event, terminating all claims for its alleged violation.

In connection with the demurrer, Bank asked the court to take judicial notice of documents including:

•  the September 2004 deed of trust securing a loan by GMAC to borrower Sotthinarith Kim on the property

•  a notice of delinquent assessments and lien in favor of the HOA against Kim recorded in June 2014;

•  a December 2014 corporate assignment of the September 2004 deed of trust to Bank from Mortgage Electronic Registration Systems, Inc. (MERS) as GMAC's nominee;

•  a trustee's deed upon sale recorded in 2015, conveying the property to the HOA for a credit bid of $7,879.70;

•  a grant deed from the HOA to Shetty recorded in October 2015 and September 2015 Residential Purchase Agreement between the HOA and Shetty, reflecting a purchase price of $3,000 and stating the property "is being acquired by Buyer subject to valid existing liens and encumbrances of record . . . .";[2]

---

[2]  The trial court properly took judicial notice of the existence and facial contents of the recorded deed of trust, assignment, notices of default and trustee's sale, and trustee's deed upon sale under Evidence Code sections 452, subdivisions (c) and (h), and 453.  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924, fn. 1 (*Yvanova*).)  Bank also sought judicial notice of Shetty's complaint filed in Los Angeles County, the order granting judgment on the pleadings in Bank's favor and notice of entry of that judgment in the Los Angeles case, the order denying Shetty's motion to set aside that judgment, and an order denying Shetty's ensuing petition for writ of mandamus.  Because we do not reach the res judicata question, we need not address the validity of judicial notice of these documents.

4

・ notices of default and elections to sell under the deed of trust recorded in 2015 and 2017; and

・ notices of trustee's sales recorded in 2015 and 2017.

Bank sought an order sustaining the demurrer without leave to amend.

In opposition, Shetty asserted the matter was not properly resolved at the pleading stage; that defendants sought to prove facts contrary to his allegations and a demurrer was not the proper procedure.  He argued Bank sought to establish facts and statements contained in the various documents, a misuse of judicial notice.  He argued he had standing to bring the action, the Los Angeles action was not a decision on the merits and thus res judicata was not a bar, tender was not required to plead quiet title, and he adequately pleaded a right to declaratory relief by allegations that one defendant was " 'not a duly appointed or qualified trustee with respect to the [deed of trust] and . . . the Notice of Default is defective and, thus, invalid' " or " 'void, unenforceable and of no legal effect and . . . does not constitute the commencement of a lawful foreclosure.' "  Shetty asked for leave to amend in the event the court intended to sustain the demurrer so as to "allege additional facts, and to allege in further detail the facts and circumstances, upon which they base their causes of action and . . . their allegations that no defendant has a valid, subsisting or enforceable claim to title to the real property."  Shetty asked the trial court to judicially notice under Evidence Code section 452, subdivisions (g) and (h) as "common knowledge" or "not reasonably subject to dispute" the fact that "GMAC . . . was one of the largest residential lenders generating oppressive fraudulent loans in the early 2000[']s and it became one of the largest beneficiaries of the government

funded bailout of 2008 at a time when its immense loan portfolio was in utter disarray."[3]

Granting Bank's request for judicial notice and denying Shetty's as to GMAC, the trial court sustained the demurrer without leave to amend. Observing the complaint sought to avoid Bank's non-judicial foreclosure sale of the property, it ruled Shetty failed to plead standing under the Homeowners' Bill of Rights to pursue a claim that Bank could not foreclose due to an alleged violation of section 2923.55 because that section applied only to "owner-occupied" properties, and the pleading did not include such an allegation, nor did it allege Shetty was the borrower. It ruled the judicially noticeable documents showed that Kim, a nonparty, was the borrower. The court noted section 2923.55 had been repealed and Shetty had not pleaded why he could pursue claims under a repealed statute or whether it was encompassed by another statute. The court further ruled Shetty failed to plead why he had not tendered the amount owing on the superior lien in favor of the Bank or why a tender was unwarranted. It ruled Shetty's declaratory relief claim failed as derivative of the quiet title cause of action.

Though Shetty requested leave to amend, the trial court ruled he "ma[d]e no effort" to meet his burden to show in what manner he could amend and how the amendment would change the legal effect of the pleadings, and thus could not state a valid claim.

Shetty filed this appeal from the ensuing judgment.

---

[3]    Shetty attached various online publications from Bloomberg and other sources to support his request. But he did not cite legal authority, and he has not persuaded us such magazine or online articles are properly the subject of judicial notice under the cited Evidence Code sections. (Accord, *Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 882; *Starkman v. Mann Theatres Corp.* (1991) 227 Cal.App.3d 1491, 1501, fn. 5.)

## DISCUSSION

### I. *Standard of Review*

"We apply well-established rules of review. 'A demurrer tests the legal sufficiency of the complaint. [Citation.] Therefore, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." ' " (*Marsh v. Anesthesia Services Medical Group, Inc.*, *supra*, 200 Cal.App.4th at p. 491.) We give the complaint a reasonable interpretation, and reverse an order sustaining a demurrer if the plaintiff has stated a cause of action under any possible legal theory. (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004.) We accept the material factual allegations of the complaint unless contrary to law or facts of which a court may take judicial notice. (*SLPR, L.L.C. v. San Diego Unified Port District* (2020) 49 Cal.App.5th 284, 318; *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 561 (*Sciarratta*); see *Mathews v. Becerra* (2019) 8 Cal.5th 756, 768 [court may consider matters that may be judicially noticed].) This court will affirm an order sustaining a demurrer on any proper grounds, regardless of the basis for the trial court's decision. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468.)

"In evaluating the court's refusal to permit an amendment, we are governed by an abuse-of-discretion review standard. [Citation.] The court abuses its discretion if there is a reasonable possibility an amendment would cure the defects. [Citation.] The appellant has the burden to identify specific facts showing the complaint can be amended to state a viable cause of action. [Citation.] An appellant can meet this burden by identifying new facts or theories on appeal." (*Minnick v. Automotive Creations, Inc.*, *supra*, 13

7

Cal.App.5th at p. 1004; see *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

## II. *Analysis*

Shetty's operative complaint and the judicially noticeable documents set the context for this appeal. They reveal Shetty purchased the property from the HOA under a recorded grant deed and purchase agreement providing that he took the property subject to valid existing liens and encumbrances. He does not contest the legally operative language or authenticity of these underlying documents. The trial court properly deduced and relied on the legal effect of the recorded documents which are clear from their face. (See *Linda Vista Village San Diego Homeowners Assn., Inc. v. Tecolote Investors LLC* (2015) 234 Cal.App.4th 166, 184 [court may take judicial notice of " 'the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity' " and " 'may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face' "].)

Shetty's pleading does not seek to stop or set aside any foreclosure sale. Rather, Shetty's quiet title cause of action seeks a judicial determination that he holds clear title to the property over Bank's interest, in part by seeking to invalidate or void the underlying loan and its assignment to Bank. On appeal, he does not challenge the court's ruling on the procedural defect alleged in his operative pleading: that Bank's notice of default failed to comply with section 2923.55. He contends he can allege a void assignment to Bank, and thus he was not required to allege tender as a prerequisite to his quiet title claim. Citing *Yvanova*, *supra*, 62 Cal.4th 919, he argues " '[t]ender

has been excused when . . . the plaintiff alleges the foreclosure deed is facially void, as arguably is the case when the entity that initiated the sale lacked authority to do so.' " Shetty maintains his pleading either alleges, or can be amended to allege, two grounds for finding the December 2014 assignment to Bank void.

In this preforeclosure context, *Yvanova*'s principles are inapplicable. *Yvanova*'s ruling is expressly limited to post-foreclosure scenarios. (*Yvanova*, *supra*, 62 Cal.4th at p. 934 ["We do not address the distinct question of whether, or under what circumstances, a borrower may bring an action for injunctive or declaratory relief to prevent a foreclosure sale from going forward"]; *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 815.) *Yvanova* involved a single aspect of a potential claim for wrongful foreclosure: standing. The *Yvanova* court expressly did not decide whether the plaintiffs in that case were required to allege tender, even in the situation where there had been a void assignment. Despite the footnoted statement on which Shetty relies, the *Yvanova* court stated its ruling was narrow, "limited to the standing question" and it "express[ed] no opinion as to whether plaintiff Yvanova must allege tender to state a cause of action for wrongful foreclosure under the circumstances of this case." (*Yvanova*, *supra*, 62 Cal.4th at pp. 924, 929, fn. 4.) With this clarification, we assess whether Shetty has demonstrated he can state causes of action for quiet title and declaratory relief.

A. *Quiet Title*

A quiet title action is intended to " 'finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.' " (*Yuba Inv. Co. v. Yuba Consolidated Gold Fields* (1926) 199 Cal.203, 209;

9

*Deutsche Bank National Trust Co. v. Pyle* (2017) 13 Cal.App.5th 513, 524.) A plaintiff seeking to state a cause of action for quiet title must verify his or her complaint, and include in it, among other things, the adverse claims to the plaintiff's title, the date as of which the determination is sought, and a "prayer for the determination of the title of the plaintiff against the adverse claims." (Code Civ. Proc., § 761.020; see *Orcilla v. Big Sur*, *Inc.* (2016) 244 Cal.App.4th 982, 1010.) Further, a mortgagor may not quiet title against a secured lender without first paying, or tendering, the outstanding debt on which the mortgage or deed of trust is based. (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649 ["[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured"]; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86 (*Lueras*); accord, *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1280; *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112-113.)

As Bank points out, Shetty's first amended complaint was not verified as required by statute. Even if that defect were curable by amendment, Shetty did not allege he tendered repayment of the loan, offered to tender, or had a lawful excuse for not tendering so as to maintain a cause of action for quiet title. This deficiency is fatal to his quiet title action in the preforeclosure context. The tender requirement stems from the fact that a quiet title action is one in equity, thus a defaulted borrower is required to do equity before the court will exercise its equitable powers. (See *Lona v. Citibank, N.A.*, *supra*, 202 Cal.App.4th at p. 112; *Mix v. Sodd* (1981) 126 Cal.App.3d 386, 390 [tender requirement is "based upon the equitable principle that he who seeks equity must do equity . . . . [A] court of equity will not aid a person in avoiding the payment of his or her debts"].) Where there is no credible dispute that Shetty purchased the property subject to the

10

existing debt, allowing Shetty to claim the property without paying anything "would give [him] an inequitable windfall, allowing [him] to evade [his] lawful debt" (see *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526) and take title to the property free and clear of the debt. Such a result would be inconsistent with the equitable quiet title claim. The circumstances are like those in *Lueras*, in which the Court of Appeal reviewing a judgment on a demurrer declined to exempt the plaintiff in a quiet title action from alleging payment of the outstanding indebtedness. (*Lueras*, *supra*, 221 Cal.App.4th at p. 87.)

Even assuming an exception to tender requirements might apply, Shetty has not shown he can allege such an exception. "Full tender of the indebtedness is not required if the [plaintiff] attacks the validity of the underlying debt." (*Lueras*, *supra*, 221 Cal.App.4th at p. 87.)[4] Nor is tender required where the trustee's deed is void on its face (*Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 47), i.e., "void and not merely voidable." (*Saterbak v. JP Morgan Chase Bank, N.A.*, *supra*, 245 Cal.App.4th at p. 819.) No tender is required where it would be inequitable to impose such a condition on the party challenging the sale. (*Lona v. Citibank, N.A.*, *supra*, 202 Cal.App.4th at p. 113.)

As stated, Shetty makes two arguments that he can plead around the tender requirement.

---

[4]     Though Shetty claims his pleading was an attack on the validity of the underlying debt, the allegations and arguments on appeal seek to void the assignment of the deed of trust to Bank, not the underlying debt. Even if the challenge to the assignment was an attack on the validity of the underlying debt, we conclude Shetty's attempt to circumvent tender requirements by pleading a void assignment is unavailing for the reasons discussed below.

1. *GMAC's Liquidation Theory*

According to Shetty, in opposition to the demurrer he showed the 2014 assignment was void by evidence that GMAC had gone into bankruptcy and had been liquidated by 2013. He argues that by the time of the December 2014 assignment to Bank, the loan "either was the property of the GMAC bankruptcy estate or, more likely, the property of the GMAC liquidating trust" but was "no longer GMAC's asset." Citing *Sciarratta*, *supra*, 247 Cal.App.4th 552, Shetty asserts GMAC had no interest to assign, thus MERS as its nominee had nothing to assign, and the assignment is void for that reason.

Shetty did not establish the premise of his argument concerning GMAC's liquidation and possession of the loan by the online publications and articles. The trial court correctly denied his request to judicially notice such items. (See footnote 3 *ante*.) No judicially noticeable fact establishes GMAC had been liquidated by 2014 or that the loan no longer belonged to GMAC.

Even assuming Shetty could amend to allege GMAC's liquidation and transfer of the loan, it would not establish that MERS had no interest to assign. The deed of trust states that MERS was the beneficiary under the deed of trust and the nominee for GMAC and its "successors and assigns." It gave MERS the right "to exercise any or all of [GMAC's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of [GMAC] including, but not limited to, releasing and canceling this Security Instrument." MERS was thus authorized to assign the note and deed of trust in 2014, notwithstanding any liquidation or bankruptcy of GMAC. (See *Ghuman v. Wells Fargo Bank, N.A.* (E.D. Cal. 2013) 989 F.Supp.2d 994, 1001 ["[T]he fact Lender became defunct did not strip MERS'[s] authority to act under the Deed of Trust"]; *Newman v. Bank of*

12

*N.Y. Mellon* (E.D.Cal. 2017) 2017 WL 4325772, at *6 ["That DOMC may have ceased doing business or become defunct does not affect MERS's ability to assign the deed of trust as nominee, even if the successor is not identified in the assignment"]; *Mortgage Electronic Registration Systems, Inc. v. Koeppel* (N.D.Cal. 2020) 2020 WL 1233925, at *9 [quoting *Newman*].) The September 2004 deed of trust prevents Shetty from pleading around this fact.

*Sciarratta* does not compel a different result. There, this court reviewed a claim for wrongful foreclosure that the borrower alleged had not been conducted by the beneficiary of record. (*Sciarratta*, *supra*, 247 Cal.App.4th at p. 556 ["Deutsche Bank was the owner of Sciarratta's loan and beneficiary of the deed of trust according to the public record at the time of this foreclosure. But Deutsche Bank did not foreclose. Bank of America did"].) The sole question was whether the plaintiff could allege prejudice or harm for purposes of wrongful foreclosure, not whether an assignment was valid. (*Id*. at pp. 555 [explaining the question was solely whether the allegations stated prejudice or harm for a claim of wrongful foreclosure].) The problem was that a successor of the original lender made two successive assignments of the same deed of trust and the second purported beneficiary foreclosed despite receiving nothing under the second assignment. (*Id*. at p. 564 ["Chase, having assigned 'all beneficial interest' in Sciarratta's notes and deed of trust to Deutsche Bank in April 2009, could not assign again the same interests to Bank of America in November 2009"].) The recorded chain of title did not contradict these allegations. (*Id*. at pp. 556-557.) Thus, assuming the truth of the plaintiff's allegations, this court held the element of harm was met because the second assignment would be void, not merely voidable, giving the borrower standing to challenge a purportedly void assignment. (*Id*. at pp. 563-564.) Shetty's allegations and causes of action

are not the same as the plaintiff's in *Sciarratta*, which were supported by the properly judicially noticed recorded documents. (*Id.* at p. 562.) And his allegations contradict the judicially noticeable recorded documents in the record.

Finally, Shetty's complaint does not allege facts showing it is inequitable to impose the tender requirement on him; as stated, the judicially noticeable facts demonstrate otherwise.

2. *Assignment's Asserted Failure to Transfer the Promissory Note*

Shetty next argues he can allege the 2014 assignment of the deed of trust to Bank did not contain language transferring the promissory note for the loan, and thus the assignment is void or a "legal nullity." As stated, the operative pleading and judicially noticeable documents do not show a foreclosure sale has occurred, and in this preforeclosure context where Shetty is seeking to invalidate the underlying documents for a threatened nonjudicial foreclosure, such a preemptive challenge is impermissible. "California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into the nonjudicial scheme enacted by the California legislature.' " (*Saterbak v. JPMorgan Chase Bank, N.A.*, *supra*, 245 Cal.App.4th at p. 814; see *Perez v. Mortgage Electronic Registration Systems, Inc.* (9th Cir. 2020) 959 F.3d 334, 339-340 ["California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place"].) Shetty misplaces reliance on *Kelly v. Upshaw* (1952) 39 Cal.2d 179, which does not involve a nonjudicial foreclosure process. As in *Orcilla v. Big Sur, Inc.*, *supra*, 244 Cal.App.4th 982, "we decline to read additional requirements into the non-judicial foreclosure statute requiring the note and deed of trust to be held by the same party." (*Id.* at p. 1004.)

14

B.  *Declaratory Relief*

To state a claim for declaratory relief, the plaintiff must allege facts showing there is a dispute between the parties concerning their legal rights, constituting an "actual controversy" within the meaning of the declaratory relief statute.  (Code Civ. Proc., § 1060; *Artus v Gramercy Towers Condominium Assn.* (2018) 19 Cal.App.5th 923, 930.)  A claim for declaratory relief fails when it is " ' "wholly derivative" of other failed claims.' " (*Smyth v. Berman* (2019) 31 Cal.App.5th 183, 191-192 quoting *Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800.)  Shetty's claim for declaratory relief fails as dependent on and derivative of his insufficient quiet title cause of action.

Given our conclusions, we need not decide whether Shetty's causes of action are barred by res judicata or whether there are other grounds for sustaining the demurrer.

III.  *Leave to Amend*

Shetty does not describe any other facts he can allege to render his claims viable, and we hold the trial court did not abuse its discretion by sustaining the demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.