NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES THOMAS BALLARD,
individually, and as Trustee of the James T.
Ballard Millennium Trust, dated January 9,
2002,

No. 24-538

D.C. No.
2:23-cv-04367-FMO-AGR

Plaintiff - Appellant,

MEMORANDUM*

v.

CITY OF WEST HOLLYWOOD; CITY
COUNCIL OF THE CITY OF WEST
HOLLYWOOD; WEST HOLLYWOOD
RENT STABILIZATION
COMMISSION; DOES, 1-10,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 11, 2025**
Pasadena, California

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, HAMILTON[***], and BUMATAY, Circuit Judges.
Partial Dissent by Judge Bumatay

James Ballard, an Angeleno landlord, appeals the dismissal of his lawsuit against the City of West Hollywood, its city council, and its rent stabilization commission (collectively "the City"). Ballard challenges municipal rent-control ordinances. Specifically, he alleges that the City violated his federal and state due process rights, along with protections against uncompensated takings. He also seeks declaratory relief under California law. Denying leave to amend, the district court dismissed for failure to state a claim. It dismissed the takings and substantive due process claims as unripe and the procedural due process claim for a pleading deficiency. Having dismissed the underlying claims, it did not expressly rule on the claim for declaratory relief under California law.

We review *de novo* dismissal for failure to state a claim. *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 487 (9th Cir. 2019). We review denial of leave to amend for abuse of discretion. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573 (9th Cir. 2020). For the reasons below, we affirm.

1. Ballard argues that his takings and substantive due process claims are ripe.[1]

---

[***] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

[1] Under California law, takings and due process claims are analyzed in the same way as their federal counterparts. *See San Remo Hotel L.P. v. City & County*

We disagree. As-applied takings and substantive due process claims are not ripe until a plaintiff receives a final decision regarding the application of the regulations to the property at issue. *See Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Twp. of Scott, Pa.*, 580 U.S. 180, 139 (2019) (takings); *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1456 (9th Cir. 1987), *as amended by*, 830 F.2d 968 (9th Cir. 1987) (substantive due process). Ballard has not received a final decision on the application of the rent control ordinance to his properties. Indeed, he has not even sought an exemption through the process established by the challenged ordinances. We are unpersuaded by his contention that he makes a facial challenge and thus need not satisfy *Williamson*'s finality element. To mount a facial challenge, he must allege that the ordinances are unconstitutional in every instance, regardless of the property or plaintiff to which they are applied. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008). He has not done so.

2. Ballard's procedural due process claim likewise fails. When an "action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 969 (9th Cir. 2003).

---

*of San Francisco*, 41 P.3d 87, 100–01 (Cal. 2002) (takings); *Owens v. City of Signal Hill*, 201 Cal. Rptr. 70, 72 n.2 (Ct. App. 1984) (due process).

A legislative body "satisfies due process if [it] provides public notice and open hearings." *Gallo v. U.S. Dist. Ct.*, 349 F.3d 1169, 1181 (9th Cir. 2003). Here, the City's business was conducted following public notice and open hearings. Ballard was therefore afforded all the process he was owed.

3. We need not reach Ballard's state-law claim for declaratory relief because, as discussed above, the claims on which it depends fail. *Ball v. FleetBoston Fin. Corp.*, 79 Cal. Rptr. 3d 402, 406 (Ct. App. 2008).

4. The district court did not abuse its discretion in denying leave to amend. "A district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (noting that a plaintiff cannot contradict any of the allegations of his original complaint). Amendment here would be futile. For example, because the challenged regulation allows for individualized exceptions, and because that process is not a sham, no facial claim can lie because the City can cure unconstitutional applications of the regulation through the individualized process. *See Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 408 (9th Cir. 1996) (so holding as a matter of California law).

**AFFIRMED.**

4                                                                                        24-538

*Ballard v. City of West Hollywood, et al.*, No. 24-538
BUMATAY, Circuit Judge, dissenting in part:

I dissent solely on the denial of leave to amend. I would remand with instructions to allow James Ballard the chance to amend his substantive due process and takings claims. We have said that leave to amend should be granted with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The district court construed his substantive due process and takings claims as "as applied" challenges, which requires satisfaction of the finality requirement. On appeal, Ballard asserts that his substantive due process and takings claims were in fact a facial challenge to the City of West Hollywood's rent control actions. According to Ballard, a facial challenge does not require a final decision. While his complaint in its present form cannot be read as a facial challenge, he should be given a chance to assert a facial challenge on these claims on remand. I am not as confident as the majority that amendment would be futile. *See, e.g.*, *Hacienda Valley Mobile Ests. v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) ("Facial challenges are exempt from the [final-decision] prong of the *Williamson* ripeness analysis because a facial challenge by its nature does not involve a decision applying the statute or regulation."). We should have let the district court sort out a facial challenge—in the first instance—as we normally do.

I respectfully dissent.

1